## Lusane *v.* Civil Service Commission.

Argued March 10, 1972, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Eugene F. Zenobi,* Tri City Legal Services, for Appellant.

*Marx S. Leopold,* Assistant Attorney General, with him *Sidney V. Blecker,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellees.

OPINION BY JUDGE CRUMLISH, JR., June 8, 1972:

The State Civil Service Commission sustained the action of the Department of Public Welfare in the suspension and removal of Howard J. Lusane from his position with the Department. Hence this appeal.

Appellant was originally employed on October 31, 1971 as a Child Care Aide I, with provisional status at Pennhurst State School and Hospital. On January 24, 1971, appellant was charged with assault and battery, aggravated assault and battery, wantonly pointing a deadly weapon and assault with intent to maim in connection with an incident that occurred outside the scope of appellant's employment. He was interviewed by the Personnel Director concerning these charges and was subsequently suspended from work for thirty days by the hospital superintendent under Section 803 of the Civil Service Act, Act of August 5, 1941, P. L. 752, Art. VIII, §803, 71 P.S. §741.803, for conduct unbecom-

ing a Commonwealth employee. Appellant was thereafter notified of his removal based upon these reasons. He has appealed this decision to the State Civil Service Commission, and subsequently to this Court, both to no avail.

Appellant contends that the Commission's finding of just cause for the suspension and removal was erroneous; that the Commission's finding that appellant was not dismissed for non-merit factors was also erroneous; and, that appellant was entitled to relief in the form of back pay for the period during which he was wrongfully removed. We disagree.

As stated in *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 465, 279 A. 2d 368 (1971): "The scope of review to be employed by our Court derives from the Administrative Agency Law [Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1, *et seq.*], 71 P.S. §1710.44, which states: 'The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.' The review then is not *de novo* but rather one which looks to error of law or abuse of discretion as the determinative criteria." The issue thus crystalizes into whether the Commission committed an abuse of discretion or error of law in affirming the removal of appellant. *Gibbs v. Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 233-234, 281 A. 2d 170 (1971).

It is important to determine the status of appellant at the time of his removal. It is undisputed that appellant, during the entire period in question, was employed

as a Child Care Aide I with provisional status. The Act of August 5, 1941, P. L. 752, §604 as amended, 71 P.S. §741.604, authorizes provisional appointment to the classified service when there is an urgent need and no one is eligible to be certified. This section provides in part: "The acceptance of a provisional appointment shall not confer upon the appointee any rights of permanent tenure, transfer, promotion or reinstatement." This section also provides that provisional appointments are to continue only until an eligible list can be established but never more than six months in any twelve-month period.

Thus, a provisional appointment does not endow the employe with the status of even a probationary employe. A probationary employe may, by statute, be removed during the probationary period if, in the opinion of the appointing authority, the employe is undependable. Thus, even a probationary employe, who has more statutory protection, could have been removed in this situation.

When removed, employes are protected by Section 905.1 of Act of August 5, 1941, P. L. 752, Art. IX, added August 27, 1963, P. L. 1257, §25, 71 P.S. §741.905a, which provides: "No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors."

Section 951(b) of the Act further provides for a hearing upon an appeal by the aggrieved employe. In *Hunter v. Jones*, 417 Pa. 372, 376, 207 A. 2d 784 (1965), it was held that Section 951(b) coupled with Section 905.1 provides a means of redress to probationary as well as regular employes.

Section 951(b) of the Act provides in part: *"Any person* who is aggrieved by an alleged violation of Section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation." (Emphasis supplied.) In *Hunter, supra,* at 376, the Supreme Court stated: "Even further, the subject matter of §951(b) encompasses discrimination against 'any person' with regard to 'recruitment, examination, appointment, training, promotion, retention, or any other personnel action.' "

"Any person" as used in the statute is sufficiently broad to include provisional employes in its protection especially since the Legislature clearly delineated the status of employes covered by other sections of the Act and only spoke of employes in general in this section.

Appellant's argument is that his removal was the result of consideration by his superiors of "non-merit factors." The natural corrollary to this argument is that the Department lacked just cause for his removal. Judge KRAMER, speaking for the majority in *Corder, supra,* at 467, considered Section 905.1 as set forth above and concluded ". . . that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of the same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability."

Appellant's rash and violent actions have led the superintendent to reasonably conclude that appellant's temperment clouds his competency to pursue his duties.

The charges against appellant related to his control and state of mind under stress situations. Self control

and rational action are certainly qualities to be searched out and even required in a Child Care Aide. The superintendent interviewed the appellant concerning the charges against him, and based on the responses he received, concluded that it would be in the best interests of the school and hospital to have appellant removed from his position.

The record contains evidence that in the private interview with the superintendent appellant admitted committing certain acts supporting the charges. Under these circumstances, the superiors should not be required to take the chance that appellant would not so act in the future, especially in view of the fact that his job involved direct patient care of mentally retarded.

By his own admissions, appellant has placed substantial doubt upon his "competency and ability" to perform his job. Thus his removal was based on a merit factor. The reasons for the Department's action constitutes just cause.

Since we find that the dismissal of appellant was proper under the circumstances, there is no merit to appellant's contention that he is entitled to back pay beginning from the date of suspension until the running of the six-month provision period.

We hold that the action of the Civil Service Commission in affirming the removal of appellant from his position was not an abuse of discretion. Accordingly, we issue the following

### ORDER

AND Now, this 8th day of June, 1972, the order of the State Civil Service Commission is hereby affirmed.