Gary Stone, Petitioner *v.* The State Correctional Institution at Graterford, Respondent.

Argued October 10, 1980, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Lawrence J. Roberts, Nemeroff & Roberts,* for petitioner.

*Jerry I. Drew,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General, Eastern Regional Director, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, December 8, 1980:

This is an appeal from a decision of the State Civil Service Commission which sustained a prison guard's dismissal for possession of marijuana at a state correctional institution. We affirm.

Appellant contends that his possession of marijuana while on duty at a prison does not constitute just cause for dismissal. Under Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807, a Civil Service employee may be validly removed upon a showing of just cause.

> This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.

*Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971). The Civil Service regulations at 4 Pa. Code §101.21 provide the following examples of behavior which evidences just cause:

> (3) misconduct amounting to violation of law, rules or lawful and reasonable departmental orders;
>
> . . .

(5) scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into disrepute; or

(6) similar substantial reasons.

The appearance of wrongdoing by an employee in a sensitive position reflects unsatisfactorily on the employee's ability to perform his duties and supports his dismissal for just cause. In *Department of Justice, Bureau of Corrections v. Grant,* 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976) a corrections officer was released from service upon being found in an automobile which was used in a robbery and which contained a stolen handgun. "The appellant in the case at bar was employed to guard prisoners in a state correctional facility; this is a *highly sensitive position* which requires those who would hold it to avoid even the appearance of impropriety." (Emphasis added.) *Id.* at 586, 350 A.2d at 880.

*Cotter v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 49, 318 A.2d 390 (1974) concerned the removal of an employee who, with direct access to files and records in the Bureau of Motor Vehicles, falsified a sales tax form in the purchase of an automobile. His "act of dishonesty, coupled with the *sensitive nature of his employment,* has placed substantial doubt upon his competency to fulfill the responsibilities of his job." (Emphasis added.) *Id.* at 53, 318 A.2d at 391-92.

In *Lusane v. Civil Service Commission,* 5 Pa. Commonwealth Ct. 642, 291 A.2d 808 (1972) a worker at an institution for mentally retarded patients was charged with assault and battery during his off-duty hours, thus placing into question the suitability of his temperament for the institutional post.

Under these circumstances, the superiors should not be required to take the chance that appellant

would not so act in the future, especially in view of the fact that his job involved direct patient care of mentally retarded.

By his own admissions, appellant has placed substantial doubt upon his 'competency and ability' to perform his job.

*Id.* at 647, 291 A.2d at 811.

In the instant case appellant's possession of marijuana violated the parameters of the sensitive position which he held and cast doubt on his "competency and ability'' to execute his duties, sufficient to warrant his removal for just cause.

Moreover, appellant acted in total disregard of the prison's rules regarding contraband substances. "We have held that failure to follow the instructions of a supervisor is an example of behavior which goes to the merits and is just cause for dismissal. An employer is entitled to expect that the employees will cooperate and that they will obey his reasonable instructions.'' (Citation omitted.) *Gonzales v. Department of Public Welfare,* 47 Pa. Commonwealth Ct. 588, 591, 408 A.2d 893, 895 (1979).

Appellant argues, however, that his breach of regulations was not sufficiently serious to justify his dismissal. To support this argument appellant cites *Master v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 393, 322 A.2d 426 (1974) where a liquor control board enforcement officer was reinstated after his having, contrary to orders, made a wager with a tavern licensee concerning the outcome of a World Series baseball game. This Court stated in *Master* that we did not condone the indiscretion of the enforcement officer; neither did we believe that the nature of the isolated incident justified dismissal. *Master* is inapposite with respect to the highly sensitive character of appellant's work as a corrections officer and the gravity of appellant's offense.

Accordingly, we hold that appellant was properly dismissed for just cause, and we will enter the following

ORDER

AND Now, December 8, 1980, the order of the State Civil Service Commission, dated October 23, 1978, at Appeal No. 2393, is affirmed.