Henry Lowe, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*Barbara G. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 10, 1983:

This appeal, from the State Civil Service Commission's affirmance of the dismissal of Henry Lowe as a clothing room attendant at the Norristown State Hospital, involves the question of falsification on a civil service application, a violation of §902 of the Civil Service Act, Act of August 5, 1941, P.L. 752, 71 P.S. §741.902.[1]

After Lowe had worked on probationary status, the hospital discharged him because he had failed to disclose four of his five criminal convictions on his civil service employment application.[2]

Upon Lowe's appeal pursuant to §951(b) of the Civil Service Act, 71 P.S. §741.951(b),[3] contending that his removal was discriminatorily based on a non-merit factor, the commission with one member dissenting, concluded that the hospital had not discriminated against him.

Lowe also argues here that the record does not contain substantial evidence to support the commission's finding that he falsified his application. Lowe additionally contends that removing him from his job because of his conviction record violates Article 1,

---

[1] Section 902 provides, in relevant part:

Any person failing to disclose a material fact or in any manner concealing any information in order to obtain employment . . . shall be summarily removed.

[2] Lowe's record included convictions for disorderly conduct in 1963, resisting arrest in 1964, shoplifting in 1964, assault and battery on a police officer in 1968, and robbery in 1972.

[3] Section 951(b) provides the right of appeal for any person who is aggrieved by an alleged violation of §905.1 of the Civil Service Act. Section 905.1, 71 P.S. §741.905(a), prohibits discrimination in personnel action based on non-merit factors.

§1 of the Pennsylvania Constitution and the public policy of rehabilitation of ex-offenders.

Following our scope of review for civil service cases,[4] we must reject Lowe's arguments and affirm.

First, substantial evidence supports the finding of falsification. The question on the application was straightforward. It inquired whether the applicant had ever been convicted of a criminal offense and went on to define exactly which offenses the applicant should include; it did not exclude offenses for which the applicant received a sentence other than incarceration.

Furthermore, Lowe failed to respond to either of the commission's two letters requesting an explanation of his omissions. Although he was hospitalized when the first letter arrived, he offered no justification for his failure to respond to the second letter. Finally, on his application with the hospital, Lowe indicated that he had no criminal record.

Next, the evidence clearly supports the commission's determination that the omitted convictions, including crimes against both persons and property, were material to Lowe's employment. Two of Lowe's supervisors testified that his position involved patient contact, access to patients' personal property and access to hospital equipment and supplies. Both testified that his convictions were related to his suitability for his position, and the nursing coordinator further testified that she would not have recommended Lowe's employment had she been aware of his record.

Lowe bases the final argument, that his dismissal violates the Pennsylvania Constitution and public

---

[4] *Brown v. Department of Transportation*, 34 Pa. Commonwealth Ct. 461, 383 A.2d 978 (1978).

policy, on a misstatement of the grounds for termination. The commission did not uphold the dismissal because Lowe has a criminal record, but because he failed to disclose a material fact on the application.

Before the commission, Lowe had the burden of proving that his discharge was based upon a non-merit factor.[5] Because the record fully supports the dismissal for falsification of the application, we conclude that Lowe failed to satisfy that burden of proof; we therefore affirm.

ORDER

Now, August 10, 1983, the order of the Civil Service Commission, Appeal No. 3577, dated June 22, 1982, is affirmed.

---

[5] *Norristown State Hospital v. Bruce*, 69 Pa. Commonwealth Ct. 298, 450 A.2d 1093 (1982).