96 Pa. Commonwealth Ct. 337 (1986)
507 A.2d 915
Robert J. Davis, Petitioner
v.
Commonwealth of Pennsylvania, Youth Development Center, Department of Public Welfare, Respondent.
No. 115 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued March 13, 1986.
April 14, 1986.
Argued March 13, 1986, before Judges CRAIG and MacPHAIL, and Senior Judge BLATT, sitting as a panel of three.
*338 Lawrence M. Kelly, Luxenberg & Garbett, P.C., for petitioner.
James S. Marshall, Assistant Counsel, for respondent.
OPINION BY JUDGE CRAIG, April 14, 1986:
Robert J. Davis appeals from an order of the State Civil Service Commission upholding the Youth Development Center's dismissal of Mr. Davis for just cause.
Mr. Davis worked as a Houseparent II at the center, a residential treatment facility for adjudicated delinquents. Mr. Davis was responsible for the daily supervision of the students assigned to his cottage. On July 1, 1983, the Pennsylvania State Police arrested Mr. Davis for possession with intent to deliver and delivery of a controlled substance. The following day, the New Castle News reported Mr. Davis' arrest. After verifying the arrest with the state police, Mr. Davis' personnel supervisor questioned him about the arrest. Mr. Davis admitted that the newspaper article referred to him, but, on the advice of his attorney, he refused to provide the center with any additional information. On July 6, 1983, the center suspended Mr. Davis. On August 9, 1983, the center notified Mr. Davis that management was terminating his employment because of his arrest for the alleged drug violations.
Mr. Davis appealed the termination under Section 951(a) of the Civil Service Act.[1] After a full commission hearing on March 27, 1984, the commission dismissed Mr. Davis' appeal. We affirm.
The issue is whether the center had just cause for terminating Mr. Davis' employment.
*339 Section 807 of the Civil Service Act[2] provides that "[n]o regular employee in the classified service shall be removed except for just cause." The concept of just cause is not statutorily defined. In Corder c. Civil Service Commission, 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971), in defining the concept of just cause, this court emphasized a merit concept stating:
We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any `personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.
In this case, the commission made the following pertinent findings of fact:
8. It was general knowledge among the students of the appointing authority institution that appellant had been arrested on drug-related charges.
....
11. In his capacity as a Houseparent, appellant was responsible for serving as a correct role model and conveying acceptable social values to his students.
Review of the record indicates substantial evidence supporting these findings.[3]
*340 In Pennsylvania Department of Justice v. Grant, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976), this court affirmed an order of the Civil Service Commission upholding the dismissal of a prison guard based solely on arrest charges. After applying the merit criteria in scrutinizing the position of a prison guard, this court determined that the position of a prison guard was "a highly sensitive position which requires those who would hold it to avoid even the appearance of impropriety." Grant, at 586, 350 A.2d at 880.
The commission here determined that Mr. Davis' position as a Houseparent II was a position as sensitive as that of a prison guard. Moreover, the commission determined that the student population was aware of Mr. Davis' drug arrest. In Stone v. State Correctional Institution at Graterford, 55 Pa. Commonwealth Ct. 188, 190, 422 A.2d 1227, 1228 (1980), this court stated that, "[t]he appearance of wrongdoing by an employee in a sensitive position reflects unsatisfactorily on the employee's ability to perform his duties and supports his dismissal for just cause." Hence, the commission's findings regarding the sensitivity of Mr. Davis' position as a houseparent and the student body's awareness of his criminal charges support the commission's order upholding Mr. Davis' employment termination for just cause.
Mr. Davis also presented evidence to the commission relating to the criminal arrest records of other employees at the center who have nonetheless retained their employment. As the commission noted, that argument is essentially one of discrimination, alleging disparate treatment in comparison with other employees. Because Mr. Davis did not appeal his dismissal to the commission under Section 951(b)[4] of the Civil Service Act  providing for a hearing on violations of Section *341 905.1[5] prohibitions on discrimination  and because Mr. Davis has failed to amend his petition to this court to include an allegation of discrimination, this court is precluded from addressing Mr. Davis' contentions relating to disparate treatment. Sienkiewicz v. Department of Welfare, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980).
Accordingly, we affirm the order of the Civil Service Commission.

ORDER
NOW, April 14, 1986, the order of the State Civil Service Commission, Appeal No. 4696, dated November 23, 1984, is affirmed.
NOTES
[1] Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.951(a).
[2] 71 P.S. §741.807.
[3] Our review of adjudications of the Civil Service Commission is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of facts are unsupported by substantial evidence. Brown v. Department of Transportation, 34 Pa. Commonwealth Ct. 461, 463, 382 A.2d 978, 979 (1978).
[4] 71 P.S. §741.951(b).
[5] 71 P.S. §741.905.1.