521 A.2d 509

Commonwealth of Pennsylvania, Department of Community Affairs, Petitioner *v.* James R. Colston, Jr., Respondent.

Argued November 17, 1986, before Judges MAC-PHAIL, DOYLE and COLINS, sitting as a panel of three.

*Bernadette Barattini*, Assistant Counsel, with her, *Michael A. Donadee*, Chief Counsel, for petitioner.

*Melville G. M. Walwyn, Dade, Harris & Walwyn, P.C.*, for respondent.

OPINION BY JUDGE MACPHAIL, February 23, 1987:

The Department of Community Affairs (Department) petitions for our review of an order of the State Civil Service Commission (Commission) which overruled the Department's action in removing James R. Colston, Jr. (Respondent) from his regular status position as Human Resources Development Manager. The Commission found that Respondent's removal was without just cause and was discriminatory in nature. *See* Sections 807 and 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.807, 741.905a.[1]

---

[1] Section 905.1 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

Respondent was dismissed from his position with the Department on March 13, 1985 for allegedly filing false information on his 1984 financial interest statements filed in order to comply with the State Ethics Act[2] and the Governor's Code of Conduct.[3] The Commission found as facts that:

> 4. Appellant owned a number of rental properties in the City of Harrisburg. N.T. p. 57; AA Exs. 7 & 8.

> 5. Appellant did not list most of his properties on his 1984 Code of Conduct Statement of Financial Interest, and listed none on his 1984 State Ethics Commission statement. N.T. pp. 19, 62, 71; AA Exs. 4 & 5.

Respondent does not dispute that he owned 37 properties during the applicable reporting period for the 1984 financial statements and that the only properties reported appear on the Code of Conduct statement as "1116 thru [sic] 1136 Market St., Hgb. [sic], Pa."

Despite these facts, the Commission nevertheless concluded that the Department failed to establish just cause for the dismissal. The Commission's conclusion was apparently based on Respondent's contention that the instructions regarding disclosure of real estate holdings were unclear. Moreover, the Commission found that the review of Respondent's financial statements by the Department was "somewhat extraordinary" and motivated by "something other than a desire to see the goals of the financial disclosure requirement implemented." The Commission further concluded that given the lack of clarity in the financial statement instructions,

---

[2] Act of October 4, 1978, P.L. 883, 65 P.S. §§401-413. The State Ethics Act is an unofficial, but commonly used, title for this statute.

[3] 4 Pa. Code §§7.161-7.164.

Respondent should have been given an opportunity to amend his statements "as was apparently standard practice." The Department here challenges each of the bases cited by the Commission in support of its decision.[4]

Our scope of review of Commission decisions is to determine whether legal error has been committed, whether necessary fact findings are supported by substantial evidence and whether the civil servant's constitutional rights have been violated. *Boris v. Department of Environmental Resources,* 81 Pa. Commonwealth Ct. 547, 474 A.2d 722 (1984). It is solely within the Commission's province to determine the credibility and weight of the evidence presented. *Silverman v. Department of Education,* 70 Pa. Commonwealth Ct. 444, 454 A.2d 185 (1982).

Turning first to the issue of whether Respondent's failure to fully disclose his real estate interests constituted just cause for his dismissal, we observe that civil service regulations impose the burden on the appointing authority to establish a *prima facie* case to support its action. The employee may then present his case in rebuttal. 4 Pa. Code §105.15; *Hoffman v. Department of Health,* 73 Pa. Commonwealth Ct. 284, 458 A.2d 303 (1983). In finding no just cause for removal, the Commission agreed with Respondent's position that the instructions regarding disclosure of real estate interests

---

[4] We observe that the Commission also noted in a footnote to its decision that the Department did not give Respondent an adequate opportunity to respond to the charges against him prior to his dismissal. While we have serious reservations regarding the adequacy of the pretermination process afforded Respondent in the instant case, *see Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985), we decline to rule on the due process issue since the Commission did not base its own decision thereon. We do not intend, however, to limit the Commission's further consideration of this issue, if appropriate, on remand.

were unclear and justified Respondent's limited disclosure. Our review of the record reveals, however, that Respondent only testified regarding the lack of clarity of the instructions on the Ethics Act form. While we believe the Commission could properly accept Respondent's argument regarding the lack of clear instructions on that form, we must note that Respondent provided no rebuttal to the Department's evidence that he failed to fully disclose his real estate holdings on the Code of Conduct form. Our own review of those instructions indicate that they do not suffer from the same ambiguity alleged regarding that Ethics Act form. We conclude, therefore, that the Department has presented a *prima facie* case regarding Respondent's failure to fully disclose his real estate holdings on the Code of Conduct form. We have no ruling from the Commission, however, regarding whether or not the failure to disclose constitutes just cause for removal. We, accordingly, will remand for a determination regarding just cause.

Next, we address the Commission's conclusion that Respondent's removal was discriminatory in nature. A civil servant claiming discrimination has the burden of providing affirmative evidence to support a claim that his discharge was based on non-merit factors. *Lowe v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 267, 463 A.2d 1229 (1983).

A careful review of the Commission's adjudication reveals two bases for its finding of discrimination: (1) that Respondent was improperly singled out for review of his financial interest statements and (2) that Respondent was not permitted to simply amend his forms as the Commission noted "was apparently standard practice" in the Department.

With regard to the Department's review of Respondent's financial statements, the Commission noted that the Department primarily reviews such statements for completeness upon filing and that the in-depth review

undertaken here was "somewhat extraordinary." The Department contends that the review process here at issue was initiated when it was reported to two Department Deputy Secretaries that Respondent was receiving telephone calls during office hours from some of his tenants. The Commission found this motivation to be incredible and stated that "given the totality of the circumstances, *one could reasonably infer* that the review in this case was motivated by something other than a desire to see the goals of the financial disclosure requirement implemented." (Emphasis added.) Our review of the Commission's ruling, however, is hampered by a lack of fact findings to support the Commission's inference regarding Department motivations. As we have previously stated, "discrimination against a civil service employee cannot be inferred by the Commission since there must be some affirmative support presented to sustain the allegations of discrimination." *Wagner v. Department of Transportation,* 76 Pa. Commonwealth Ct. 78, 83, 463 A.2d 492, 495 (1983). We, accordingly, must remand for the Commission to either reconsider its finding of a discriminatory motivation by the Department or to enter specific fact findings in support thereof.

Regarding the second basis for the Commission's finding of discrimination, to wit, that the Department denied Respondent the opportunity to amend his financial disclosure statements when other employees were permitted to do so, we must agree with the Department that Respondent has failed to prove that it was, in fact, the Department's standard practice to permit such amendments. Respondent's evidence showed that the Department allowed one employee to amend an incorrect address designated on his Ethics Act form and that another employee failed to disclose a loan for over $5,000.00 on his 1983 Ethics Act statement. The loan

was properly disclosed, however, on both his 1982 and 1984 statements. There is no evidence that any amendment was made to the 1983 form or as to what, if any, discipline was imposed for the omission. In any event, we do not believe that any standard practice for allowing amendments has been established. We must, therefore, conclude that the Commission's finding of discrimination based on such a standard practice was in error.

We, accordingly, will vacate the Commission's ruling that Respondent's removal was discriminatory and remand for further consideration of the issue of discrimination in accord with the foregoing opinion. We also remand for a ruling on the issue of whether Respondent's failure to fully disclose his real estate interests on the Code of Conduct form constitutes just cause for his dismissal.

### ORDER

The order of the State Civil Service Commission in the above-captioned matter is hereby vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.