521 A.2d 534

Commonwealth of Pennsylvania, Department of Community Affairs, Petitioner *v.* Edward Averette, Respondent.

Edward Averette, Petitioner *v.* Commonwealth of Pennsylvania, Department of Community Affairs, Respondent.

Argued November 18, 1986, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Bernadette Barattini,* Assistant Counsel, with her, *Michael A. Donadee,* Chief Counsel, for petitioner/respondent, Department of Community Affairs.

*Michael Bryskier,* for respondent/petitioner, Edward Averette.

OPINION BY SENIOR JUDGE KALISH, March 2, 1987:

The Department of Community Affairs of the Commonwealth of Pennsylvania (Department) and Edward Averette, an employee of the Department, both appeal from an order of the State Civil Service Commission (Commission) which reinstated Averette to his position with the Department without back pay. We reverse.

Averette was the regional coordinator and supervisor of the Department's weatherization program for the southeast region. The Department paid various contractors to make residences of low income families more energy efficient. One of Averette's responsibilities was to review and evaluate the work done by these contractors. One of these contractors was the Institute for Human Development (IHD), which received approximately $1 million in Departmental funding during 1985, this figure representing approximately sixty percent of IHD's total revenues.

Sometime in early 1985, the Department became aware that members of the weatherization staff were having work performed in their homes by the contractors. As a result, the Department requested that the Office of the Inspector General of the Department of Transportation conduct an investigation. Following the investigation, Averette was dismissed because (1) he allowed a special thermostat worth approximately $30 to be installed in the furnace of his home by employees of IHD when such installation would normally cost $600-$700, (2) he had solicited storm windows from several of the contractors for the personal use of his supervisor, and (3) he had measured and ordered storm doors from a departmental supplier, again for the personal use of his supervisor.

Averette appealed his dismissal to the Civil Service Commission. Following a hearing, the Commission found that (1) he had measured the supervisor's doors on his own time and merely sent the measurements along to the supplier and that no governmental funds were used to purchase the doors, (2) he had merely sent sizes of storm windows to three of the contractors to determine if they had those sizes in their surplus stockpiles which were at times offered to the public for sale, and (3) while the thermostat was installed, it was a training session that was beneficial to the IHD employees who

observed the installation. As a result, the Commission concluded that Averette's conduct did not rise to the level requiring dismissal from his position. The Commission further ruled that Averette was not entitled to back pay. The Department appeals the portion of the order reinstating Averette, and Averette appeals that portion denying him back pay.

Our scope of review of an order of the Civil Service Commission is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary factual findings are supported by substantial evidence. *Johnson v. Department of General Services,* 91 Pa. Commonwealth Ct. 96, 496 A.2d 1268 (1985). A Civil Service employee can be removed from his or her job only for just cause. Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807. Furthermore, whether the facts as supported by substantial evidence constitute just cause for dismissal is a question of law. *See Master v. State Civil Service Commission,* 14 Pa. Commonwealth Ct. 393, 322 A.2d 426 (1974).

The Commission found that the two incidents concerning the storm door and storm windows failed to show any impropriety on Averette's part. The Department argues that the Commission erred in these findings. We need not reach the question concerning these two incidents because we believe that Averette's conduct in permitting installation of the thermostat in his furnace was sufficient to justify his dismissal. It is undisputed that Averette was the recipient of goods and services worth over $600 from a contractor which had received substantial funding from the agency that employed Averette. The Commission accepted Averette's argument that the installation was viewed as a training session for individuals unfamiliar with the task. There

was further testimony that such on-site training was normally performed in both eligible and non-eligible homes. Nonetheless, a government employee who is charged with evaluating the work of a company performing government contracts and who accepts valuable goods and services from that company without paying for them is guilty of conduct which constitutes just cause for that employee's dismissal from his or her position. We therefore believe that the Commission erred when it sustained Averette's appeal of the Department's dismissal. Furthermore, because of our resolution of the Department's appeal, it is not necessary to discuss the question of back pay raised in Averette's appeal.

Accordingly, we reverse.

ORDER

Now, March 2, 1987, the order of the State Civil Service Commission at No. 5779, dated January 30, 1986, is reversed.