531 A.2d 115

John G. Andrejco, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 23, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Charles J. McKelvey, McNerney, Page, Vanderlin & Hall,* for petitioner.

*Louis G. Cocheres,* Assistant Counsel, with him, *Patricia J. Gustin,* Legal Assistant, and *Daniel P. Delaney,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 17, 1987:

This is an appeal brought by John G. Andrejco (appellant) from an adjudication and order of the State Civil Service Commission (Commission) affirming his dismissal from the Pennsylvania Public Utility Commission (PUC) where he had been employed as a Public Utility Enforcement Officer, regular status. We affirm.

In late June, 1985, a PUC official received an anonymous telephone call informing him that the appellant was working for Preston Trucking Co., Inc., a regulated carrier. The official investigated the allegation and informed the appellant by letter that his outside employment was believed to be in violation of statute, PUC Work Rules, the PUC Code of Conduct and the State Ethics Act. On June 28, 1985, a pre-disciplinary hearing was held at which two PUC officials and the appellant were present. Following the hearing the officials recommended that the PUC terminate the appellant's employment.

By letter of July 11, 1985, the PUC discharged the appellant effective July 23, 1985, citing as the reason therefor the appellant's outside employment by a regulated carrier in violation of statutes and work rules.[1] Specifically, the PUC stated that the appellant's outside employment was in violation of 1) Section 301(b) of the Public Utility Code[2] 2) PUC Employee Work Rules

---

[1] Mr. Andrejco was employed part-time by Preston Trucking Co., Inc., as a dock worker during evening hours.

[2] Act of July 1, 1978, P.L. 598, *as amended*, 66 Pa. C. S. §301(b), which provides in pertinent part:

No employee, appointee or official engaged in the service of or in any manner connected with, the commission shall hold any office or position, or be engaged in any employment or vocation, the duties of which are incompatible with his employment in the service of or in connection with the work of the commission. . . . If any person employed or appointed in the service of the commission

adopted in July of 1978, and 3) PUC Code of Conduct adopted in February of 1985. The appellant filed a timely appeal pursuant to Section 951(a) of the Civil Service Act[3] following which a hearing was held before the Civil Service Commission on October 16, 1985. The Commission dismissed the appeal and sustained the action of the PUC concluding that the appellant's outside employment was just cause for his removal. This appeal followed.

Our scope of review is limited to a determination of whether the constitutional rights of the appellant have been violated, an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. *Doerr v. Pennsylvania Liquor Control Board,* 88 Pa. Commonwealth Ct. 610, 491 A.2d 299 (1985).

The appellant first argues that the Commission's findings of fact are not supported by substantial evidence.[4] After a careful review of the record, we must disagree.

The Commission's necessary findings of fact are as follows:

5. The appointing authority thereupon contacted Preston and called the appellant to a meeting to discuss the alleged employment. At that meeting, the appellant admitted that he had worked for Preston since 1980. N.T. pp. 16-17.

violates any provision of this section, the commission shall forthwith remove him from the office or employment held by him.

[3] Act of August 5, 1941, P.L. 752, *as amended,* 71 Pa. C. S. §741.951(a).

[4] The appellant presents this argument without specifying any particular findings which he feels are not supported by substantial evidence. Absent any such specification, we will address only necessary findings of fact.

6. At staff meetings, the appellant had been informed that he was not to work for a regulated carrier. N.T. pp. 95-96.

. . . .

9. The appellant did not inform his supervisor of his employment with Preston. N.T. p. 19.

With respect to Finding # 5, we note that at all times since the pre-disciplinary hearing held on June 28, 1985, the appellant has admitted to his employment with Preston since 1980.

Conflicting evidence was presented with respect to Finding # 6 which was based on the testimony of one of the appellant's co-workers. The appellant himself testified at the Commission's hearing that he did not recall any staff meetings wherein the PUC's work rules concerning outside employment were discussed (N.T. at 65). Matters of credibility and resolving evidentiary conflicts are the function of the Commission. *Silvia v. Pennhurst Center*, 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981). Such a finding will not be disturbed on appeal.

With respect to Finding # 9, the appellant argues that he had informed the PUC of his outside employment each year since 1980 by way of his filing of a Statement of Financial Interests (SFI) as required by the State Ethics Act[5] for those years. He argues further, that such filing put the PUC on notice that he was engaged in outside employment with Preston Trucking Co., Inc., and that the PUC's failure to object thereto was, in effect, a condonation of such employment. We find this argument to be without merit.

---

[5] The Statement of Financial Interests is required to be filed pursuant to Section 4 of the State Ethics Act, Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. §404(a).

The appellant's manner of completing the SFI was inadequate to place the PUC on notice that a regulated carrier was a source of appellant's income. The appellant simply listed "Preston Co." as a source of income when he knew that the company's official name was "Preston Trucking Co., Inc.". We cannot agree with the appellant that his listing of "Preston Co." on his SFI served as notice to the PUC that he was employed by a regulated carrier, particularly where an accurate listing of his outside employer's name was possible and would have required no more effort on the part of the appellant.

The appellant's second argument is that the Commission committed an error of law in concluding that he was discharged for just cause.

Section 807 of the Civil Service Act provides that "[no] regular employe in the classified service shall be removed except for just cause."[6] Though not statutorily defined, just cause has been interpreted by the courts to encompass a merit concept.

> We are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any 'personnel action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.

*Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A.2d 368, 371 (1971).

The appellant was employed as a PUC Enforcement Officer. His duties were statutorily mandated by Section 307 of the Public Utility Code:[7]

---

[6] 71 P.S. §741.807.

[7] 66 Pa. C. S. §307.

The commission may employ such inspectors, as it may deem necessary, for the purpose of enforcing the provisions of this part. Such inspectors are hereby declared to be police officers, and are hereby given police power and authority throughout this Commonwealth to arrest on view, without writ, rule, order, or process, any person operating as a motor carrier or common carrier by airplane without a certificate or permit required by this part. Such inspectors are hereby given authority to stop vehicles on the highways of this Commonwealth, and to inspect the cargo of such vehicles, and any receipts or bills of lading pertaining to such cargoes.

In *Pennsylvania Department of Justice v. Grant*, 22 Pa. Commonwealth Ct. 582, 586, 350 A.2d 878, 880 (1976) we determined that the position of prison guard was "a highly sensitive position which requires those who hold it to avoid even the appearance of impropriety." Given the nature of the duties and responsibilities of a PUC Enforcement Officer as set forth above, we find that this, too, is a highly sensitive position. The appellant's employment by one of the carriers which he was under a statutory duty to regulate creates an obvious conflict of interest. Further, it creates an unquestionable appearance of impropriety to 1) the trucking industry, which is entitled to the expectation of fair and equal treatment by the PUC of all regulated carriers and 2) the general public, which is entitled to the expectation that PUC Enforcement Officers are performing their duties to preserve highway safety throughout the Commonwealth without any possible influence from outside interests.[8]

---

[8] We must note that the PUC has made no allegations that Mr. Andrejco treated Preston Trucking Co., Inc. more favorably than

We find, then, that the appellant's employment by a regulated carrier while serving as a PUC Enforcement Officer was violative of Section 301(b) of the Public Utility Code inasmuch as the two are inherently "incompatible."

Though not clearly articulated, the appellant argues that Section 301(b), specifically the use of the term "incompatible" therein, is unconstitutionally void for vagueness.[9]

First, we extrapolate from appellant's brief the argument that the use of the word "incompatible" in Section 301(b), operates to make the statute unconstitutionally void on its face. We disagree.

In *Connally v. General Construction Co.,* 269 U.S. 385, 391 (1926) it was said that a law is void on its face if it is so vague that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." As our Supreme Court said in *Fabio v. Civil Service Commission,* 489 Pa. 309, 315, 414 A.2d 82, 85 (1980), "Although at first blush a law may appear vague on its face and those subject to it without fair notice, however, it may withstand a constitutional challenge if it has been narrowed by judicial interpretation, custom and usage."

We are without the guidance of a judicial interpretation of the operative language in this statute. Absent a judicial interpretation and a definition of "incompatible" in the Public Utility Code we must turn to the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a) which provides:

---

other regulated carriers. They argue, solely, that employment by a regulated carrier of a PUC Enforcement Officer is *per se* violative of Section 301(b) and constitutes just cause for dismissal.

[9] The appellant argues simultaneously and without distinction, rather than alternatively, that the statute is both void on its face and void as applied to him.

(a) Words and phrases shall be construed according to rules of grammar and according to their common usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

"Incompatible" is not defined in the Statutory Construction Act, 1 Pa. C. S. §1991, so we must turn to its common usage. "Incompatible" is defined as "incapable of being held by one person at a time—used of offices, dignities, or benefices that would make mutually conflicting demands on a holder." Webster's Third New International Dictionary 1144 (1966). Undoubtedly, a person of common intelligence is given fair notice that his conduct would violate Section 301(b) particularly where that conduct creates an obvious conflict of interest, as here. We, therefore, find the statute facially valid.

We also extrapolate from appellant's brief the argument that Section 301(b) is unconstitutional as applied to him. Again, we disagree.

The appellant argues that Section 301(b) is unconstitutional as applied to him because he had no notice that his employment with Preston Trucking Co., Inc. was prohibited. The evidence of record is to the contrary. The appellant was issued a copy of the Public Utility Code which contains Section 301(b) which we have already established as not unconstitutionally vague. Further, the Commission found that the appellant had been informed at staff meetings that he was not to work for a regulated carrier which finding we have already established to be supported by substantial evidence. Accordingly, we find Section 301(b) to be constitutional as applied to the appellant.[10]

---

[10] Having decided this case solely on the basis of the appellant's violation of the Public Utility Code, we will not reach the arguments of both parties with respect to the PUC's 1978 Work Rules or its 1985 Code of Conduct.

Finally, the appellant argues that discharge was too severe a penalty and that the Commission abused its discretion in affirming that action of the PUC. We disagree. Indeed, under *Lewis v. Department of Health*, 70 Pa. Commonwealth Ct. 531, 533, 453 A.2d 713, 714 (1982), "If the charge, as established, involves the merits of the employee's work performance, there can be just cause for removal and the commission must uphold the appointing authority's disciplinary action." Having already determined that the charge here, employment by a regulated carrier, was based on the merits of petitioner's work performance and further, that it constituted just cause for removal, we find that the Commission did not abuse its discretion in upholding the PUC's removal of Mr. Andrejco.

Based upon the foregoing, we affirm the order of the Commission.

ORDER

Now, September 17, 1987, the order of the State Civil Service Commission dated February 27, 1986, dismissing the appeal of John G. Andrejco from his removal as Public Utility Enforcement Officer is hereby affirmed.