541 A.2d 417

John W. Rosselli, Sr., Petitioner *v.* Reading Housing Authority, Respondent.

Argued April 18, 1988, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Barbara H. Guenther,* for petitioner.

*Raymond C. Schlegel,* with him, *Nedric L. Nissly, Roland & Schlegel, P.C.,* for respondent.

OPINION BY JUDGE COLINS, May 13, 1988:

John W. Rosselli, Sr. (petitioner) petitions for review of an order of the State Civil Service Commission (Commission) which upheld the decision of the Reading Housing Authority (respondent) to dismiss petitioner from his position as a Section 8 Housing Inspector.[1] We affirm.

---

[1] Section 8 is a program run by the Department of Housing and Urban Development which helps eligible families obtain private, subsidized housing as an alternative to public housing.

Petitioner was responsible for determining if housing units met the quality standards of the Department of Housing and Urban Development (HUD) for inclusion in the Section 8 program. While employed by the respondent, petitioner was also a licensed real estate agent, affiliated with the Bione Agency (Agency), a real estate office in the Reading area which listed Section 8 properties. Respondent entered into a contract with HUD whereby he would administer the Section 8 program in the Reading area. The contract entered into between the respondent and HUD contained the following provision applicable to potential conflicts of interest:

15. *Conflict of Interest Provision.*

No present or former member or officer of the PHA (except tenant commissioners), no employee of the PHA who formulates policy or influences decisions with respect to the Section 8 program, and no public official or member of a governing body or State or local legislator who exercises functions or responsibilities with respect to the Section 8 program shall have any direct or indirect interest, during this person's tenure or for one year thereafter, in this Contract or in any proceeds or benefits arising from the Contract. This provision may be waived by HUD for good cause.

Beginning in the fall of 1984, petitioner was informed three times that his association with the Agency might be a conflict of interest. In June of 1986, as a result of reading in a newspaper a record of a real estate transaction in which petitioner had purchased a house from HUD, respondent's executive director, Mr. William Willis, informed petitioner that his personal real estate dealings might be in conflict with the HUD agreement. Mr. Willis also requested that petitioner obtain a waiver from HUD in accordance with the

above-quoted provision. Petitioner responded to Mr. Willis by stating that he would not be involved in any sales in which a conflict of interest might arise and that if any such conflict existed, he would contact the director to remedy the situation. Mr. Willis then informed petitioner that his response was inadequate and again requested that petitioner obtain a waiver from HUD. Petitioner again failed to apply for the waiver.

By letter of July 22, 1986, Mr. Willis notified petitioner that respondent continued to consider petitioner's association with the Bione Agency to be a conflict of interest and gave him thirty (30) days to obtain the necessary waiver. Petitioner responded this time by stating to Mr. Willis that he had been informed by his attorney that the recent purchase did not constitute a conflict of interest and that any additional questions concerning his real estate dealings should be directed to his attorney. Petitioner also informed the respondent that he had transferred his license to the Miller Agency, an agency that does not list Section 8 properties.

The respondent held a board meeting on September 21, 1986, and decided to terminate petitioner. Petitioner was notified of his termination by letters dated September 25th and September 30, 1986.

On October 21, 1986, petitioner filed an appeal with the Commission and a public hearing was held on January 12, 1987. The Commission, on May 20, 1987, issued a decision stating that petitioner had been properly removed for "just cause" by respondent under Section 807 of the Civil Service Act (Act).[2] It is the appeal from the May 20, 1987, order of the Commission that is before this Court.

Initially, we note that our scope of review of the Commission's conclusion that an employee was dis-

---

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

charged for just cause is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Brengle v. Lancaster County Board of Assistance*, 81 Pa. Commonwealth Ct. 584, 474 A.2d 352 (1984). Furthermore, the appointing authority has the burden of proving just cause for the removal of an employee. *Murphy v. Department of Public Welfare*, 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984).

Petitioner argues that his conduct does not amount to just cause for his removal because during the seven years he had worked for respondent he had received outstanding job reviews and his holding a real estate license in no way reflected on his ability to perform his job. The criteria for determining just cause must be based on merit; that is, the criteria must be job-related and in some rational and logical manner touch upon competency and ability. *McCain v. East Stroudsburg State College*, 71 Pa. Commonwealth Ct. 165, 454 A.2d 667 (1983). In *Stone v. State Correctional Institution at Graterford*, 55 Pa. Commonwealth Ct. 188, 422 A.2d 1227 (1980), we held that the possession of marijuana by a prison guard cast doubt on his competency and ability to execute his duties and, therefore, was sufficient to warrant his removal for just cause. So, too, we believe that the Commission was correct in the matter *sub judice* where a housing inspector was associated with a real estate agency that listed the types of homes that petitioner was charged with inspecting. "The appearance of wrongdoing by an employee in a sensitive position reflects unsatisfactorily on the employee's ability to perform his duties and supports his dismissal for just cause." *Id.* at 190, 422 A.2d at 1228. *See also Andrejco v. Pennsylvania Public Utility Commission*, 109 Pa. Commonwealth Ct. 389, 531 A.2d 115 (1987) (stating

that a Public Utility Commission enforcement officer's part-time employment with a carrier he was under a statutory duty to regulate created a conflict of interest).

There is ample evidence on the record to support the Commission's finding that petitioner was dismissed for just cause. Petitioner received numerous letters from his employer that his present situation constituted an apparent conflict of interest. Petitioner met with his superiors three times in the fall of 1984 to discuss this situation. Additionally, petitioner was given ample opportunity to submit a waiver form as provided for in Paragraph 15 but failed to do so.

Petitioner was well aware of the fact that respondent was concerned that his real estate dealings might be in conflict with his position with the respondent but chose not to rectify this situation. " 'We have held that failure to follow the instructions of a supervisor is an example of behavior which goes to the merits [of one's position] and is just cause for dismissal. An employer is entitled to expect that the employees will cooperate and that they will obey his reasonable instructions.' " *Stone* at 191, 422 A.2d at 1228 (citation omitted). We do not feel that the respondent's repeated request to obtain a waiver from HUD was unreasonable due to the fact that petitioner was in a position to influence the types of decisions covered in Paragraph 15 of the Housing Assistance Payment Contracts.

Petitioner further argues that since he transferred his license to a different agency, he satisfied the respondent's concerns. The respondent never requested the petitioner to transfer his license to a different real estate agency but, instead, requested that he obtain a necessary waiver from HUD. This petitioner did not do.

The record contains relevant evidence that a reasonable mind without weighing or substituting its judgment for that of the Commission might accept as ade-

quate to support the conclusion reached. *Glover v. Norristown State Hospital,* 90 Pa. Commonwealth Ct. 58, 494 A.2d 39 (1985). Therefore, the Commission was justified in upholding petitioner's dismissal.

Accordingly, the order of the Commission is affirmed.

### ORDER

AND NOW, this 13th day of May, 1988, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.