550 A.2d 292

James R. Colston, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Community Affairs, Respondent.

Argued September 12, 1988, before Judges CRAIG and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Melville G.M. Walwyn, P.C.,* for petitioner.

*Miles H. Mitchell,* Assistant Counsel, with him, *Bernadette Barattini,* Acting Chief Counsel, and *Timothy Searchinger,* Deputy General Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 17, 1988:
James R. Colston, Jr. petitions for review of an order and determination of the State Civil Service Commission (Commission) which upheld the termination of Colston from his position as Human Resources Devel-

opment Manager with the Department of Community Affairs (Department).

Our recitation of the facts will be brief, inasmuch as we have dealt with this case before. *Department of Community Affairs v. Colston (Colston I),* 104 Pa. Commonwealth Ct. 159, 521 A.2d 509 (1987). Colston's position required that he file financial interest statements under the State Ethics Act[1] and the financial disclosure provisions of the Governor's Code of Conduct.[2] Colston filed the required statements in 1984, listing two real estate holdings. At the time, Colston owned more than thirty properties in Dauphin County. In response to a complaint that Colston was receiving phone calls from his tenants while at work, a Department Deputy Secretary directed that Colston's most recent financial statements be reviewed. After review of Colston's filings and comparison with Dauphin County property records, Colston was dismissed for failing to list his real estate holdings in the financial interest filings. Colston appealed the dismissal to the Commission. The Commission concluded that the Department's motivation in reviewing Colston's financial statement was suspect, and that the financial statement instructions are ambiguous and confusing, and that Colston should have been given an opportunity to amend his statements as such amendment "was apparently standard practice." The Commission found that Colston's removal was discriminatory and totally without just cause; accordingly, the Commission sustained Colston's appeal.

The Department appealed the Commission's decision to this court. We vacated and remanded, concluding: 1) although the instructions on the Ethics Act form are ambiguous, the Code of Conduct instructions do not

---

[1] Act of October 4, 1978, P.L. 883, 65 P.S. §§401-413.

[2] 4 Pa. Code §§7.161-7.164.

suffer from the same ambiguity; accordingly, the Department presented a prima facie case regarding Colston's failure to fully disclose his real estate holdings on the Code of Conduct form; 2) the Commission made no ruling regarding whether or not the failure to disclose on the Code of Conduct form constituted just cause; 3) the Commission failed to find facts supporting its inference regarding Department motivations for review of Colston's financial interest statements; 4) Colston had not established that it was standard practice to allow amendment of financial interest forms; thus, the Commission's finding of discrimination based on such a standard practice was in error. *Colston I.* We remanded for further consideration of the issue of discrimination regarding the Department's motivation in reviewing Colston's financial statements and for a ruling on the issue of whether Colston's failure to fully disclose his real estate interests on the Code of Conduct form constituted just cause for dismissal. *Id.*

On remand, the Commission took no further testimony or evidence, but changed its position and upheld Colston's termination. The Commission concluded that the Department had established just cause for Colston's termination and that there was no discrimination because the review of Colston's financial statements was prompted by a complaint. Colston has petitioned for review of the Commission's decision.

Colston argues, to this court, the following issues: 1) the Department failed to meet its burden of proving just cause; 2) the Commission is not authorized to find violation of the State Ethics Act or the Governor's Code of Conduct and, therefore, termination based on violation of either of those acts is in error; 3) the Department treated Colston disparately, thereby discriminating against him, and the Commission erred in failing to so find; and 4) the Department discriminated against Col-

ston because of its suspect motivation in reviewing his financial interest filings.[3] Our scope of review is limited to a determination of whether legal error has been committed, necessary findings of fact are supported by substantial evidence and whether constitutional rights have been violated. *Colston I*.

We note at the outset that our earlier decision in this matter has resolved several of Colston's present arguments. In *Colston I*, we upheld the Commission's conclusion that the instructions on the Ethics Act form are ambiguous. Thus, Colston's arguments with regard to the State Ethics Act are superfluous, inasmuch as our remand order was limited to consideration of whether Colston's failure to disclose on the Code of Conduct form constitutes just cause. Also, in *Colston I* we held the Department had presented a prima facie case that Colston failed to fully disclose his real estate holdings on the Code of Conduct form. Colston argues that that holding is wrong; we will not disturb the conclusions we reached in *Colston I*. In *Colston I*, we also determined that no "standard practice" of allowing amendment to financial statements had been established; thus, we will not address Colston's argument that the Department discriminated against him by treating him disparately. Finally, we held in *Colston I* that the Code of Conduct instructions are not ambiguous; that holding negates Colston's argument that everyone was confused by the financial interest instructions and, therefore, he should not be held to a higher standard.[4] Thus, the issues left for review are whether

---

[3] Although other arguments have been made at various times in the proceedings, it is these issues which appear in both the petition for review and Colston's brief. Accordingly, we shall address only these issues. *See* Pa. R.A.P. 1513 and 2116.

[4] We are mindful of the fact that Colston's supervisor was aware of Colston's position as a landlord, inasmuch as the supervisor

the Department established just cause and whether the Commission erroneously concluded that Colston failed to establish, as a basis for discrimination, that his records were improperly singled out for review. For the reasons which follow, we affirm.

The crux of Colston's argument is that the Department has no authority to determine violations of the Governor's Code of Conduct and therefore the Department cannot rely on such an alleged violation to establish just cause. Although we agree that the Department does not have authority to *establish* violations, and the Commission conceded it does not have such authority, we agree with the Commission that a failure to disclose financial interests on a required form constitutes just cause.[5] Colston's responsibilities as a Human Resources Development Manager included monitoring and reviewing federal grants and programs within the Bureau of Human Resources, N.T. at 18, and evaluating human resource programs in five major categories, including, weatherization, manpower training, neighborhood assistance, and weather cash grants. N.T. at 59. The Commission, after noting the requirement of just cause stated:

> We agree with the appointing authority that the appellant's errors were sufficiently serious to warrant instant discharge. . . . It is only reason-

---

had been a tenant of Colston at some point. Colston argues that because his supervisor was aware of his real estate holdings, it was his supervisor's responsibility, under the Governor's Code of Conduct procedural requirements, to find Colston's error and correct it. The procedural requirements of the Governor's Code of Conduct are not relevant here. *See infra* note 5.

[5] Colston includes in this issue the argument that the procedural requirements for establishing a violation of the Governor's Code of Conduct were not followed. Our resolution of the just cause issue renders unnecessary any review of the procedural requirements of the Code of Conduct.

able that an employee in the appellant's position . . . should be cognizant of the appearance of impropriety created by his failure to disclose his property holdings, an appearance which could possibly cast the appointing authority into disrepute. The appellant's full disclosure on the Code of Conduct Form would have rectified the situation, yet the appellant simply failed to comply with the form's requirements.

Commission decision at 3.

Whether an employee's actions constitute just cause for dismissal is a question of law. *Department of Community Affairs v. Averette,* 104 Pa. Commonwealth Ct. 260, 521 A.2d 534 (1987). An employee is properly removed for just cause if the removal is based upon job-related criteria and touches in a logical and rational manner upon competency and ability. *Adamovich v. Department of Public Welfare,* 95 Pa. Commonwealth Ct. 22, 504 A.2d 952 (1986). The appearance of wrongdoing by an employee in a sensitive position reflects unsatisfactorily on the employee's ability to perform his duties and supports his dismissal for just cause. *Stone v. State Correctional Institution at Graterford,* 55 Pa. Commonwealth Ct. 188, 422 A.2d 1227 (1980). *See Rosselli v. Reading Housing Authority,* 116 Pa. Commonwealth Ct. 177, 541 A.2d 417 (1988).

Colston does not dispute that he failed to list the majority of his real estate interests. He asserts, however, that his failure is not related to the performance of his job. We disagree.[6] As the Commission noted, Col-

---

[6] Colston argues that the only aspect of his conduct which could provide a basis for a finding of just cause is his receipt of tenant phone calls while at work. From this premise, Colston asserts that because his receipt of phone calls was never listed as a reason for dismissal, it cannot now be used to support his termination. Our resolution of the just cause issue makes review of this premise and assertion unnecessary.

ston's failure raises an appearance of impropriety, and that appearance could reflect poorly on the Department. Accordingly, we affirm the Commission's finding of just cause.[7]

Colston next argues that he was discriminated against by the Department's actions. However, the Commission emphasized that review of Colston's disclosure statements was prompted by complaints of his receipt of calls from his tenants. Although the Commission's first decision noted that the review of Colston's records was "somewhat extraordinary," the second decision makes clear that it was a complaint which led to review of the financial statements. Thus, although it is possible that the financial statements of other employees were not reviewed, we agree with the Commission that review of Colston's statements did not stem from any improper motivation and did not amount to discrimination.

Accordingly, the decision of the Commission is affirmed.

## ORDER

AND NOW, November 17, 1988, the decision of the State Civil Service Commission in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] We emphasize, as did the Commission, that no violation of the Code of Conduct has been established by these proceedings. It is not necessary that such a violation be established in order to show just cause. Instead, Colston's failure to list his interests provides the basis for his termination, without proving a violation of the Code of Conduct.