Erma J. Jacobs, Petitioner *v.* Commonwealth of Pennsylvania, Delaware County Board of Assistance, Department of Public Welfare, Respondent.

Argued September 16, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Stephen A. Sheller,* with him *Bruce M. Ludwig,* and *Sheller & Chaikin,* for petitioner.

*Robert E. Kelly,* Assistant Attorney General, with him *Lynne M. Mountz,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 4, 1977:

This appeal arises from an order of the State Civil Service Commission (Commission) upholding appellant's suspension and demotion. We affirm in part and reverse in part.

Appellant, a classified employee, was employed by the Delaware County Board of Assistance as an Income Maintenance Supervisor, regular status. By letter dated February 18, 1976, appellant received notice that she was being suspended from her position

during the completion of an investigation into suspected fraud. By letter dated March 12, 1976, appellant received notice that her suspension was being terminated as of March 22, 1976, and that because of fraud she was being demoted to the position of Income Maintenance Worker, II, regular status. Appellant timely appealed her suspension and demotion and a hearing was held before the Commission on March 30, 1976. The Commission found that while there was no evidence of fraud, appellant had mishandled six cases resulting in overpayments to assistance recipients. The Commission, therefore, upheld both the suspension and demotion on the grounds that appellant was "careless, negligent, and incompetent." This appeal followed.

At issue is whether appellant's demotion for incompetency and negligence can be upheld when appellant was charged and tried only for fraud. We believe not. It is elemental that due process requires that notice be given to an accused of the charges pending against him. "[F]or such notice to be adequate, it must at the very least contain a sufficient listing and explanation of any charges so that the individual involved can know against what charges he must defend himself if he can." *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 343, 322 A.2d 133, 136 (1974). (Citation omitted.) In this case, neither before nor *during* the trial was appellant on notice that she need defend herself against charges of negligence and incompetence. We cannot agree with the appointing authority that because appellant was informed of the circumstances which were to form the basis of the charges of fraud, that she was also informed of the charge of negligence. The elements of fraud are so different from the elements of negligence that notice of one charge does not give notice of the other. For this reason we cannot analogize

with criminal law and consider negligence a "lesser included offense."

The issues in this case are similar to those decided in *Straw v. Pennsylvania Human Relations Commission*, 10 Pa. Commonwealth Ct. 99, 308 A.2d 619 (1973). There, the defendant was charged with violating §5(h)(1) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §955(h)(1). The Human Relations Commission found that the defendant not only violated §5(h)(1), but in addition, violated §5(h)(6). This Court ruled that because the defendant "was not put on notice that he was also being charged with the violation of Section 5(h)(6) of the Act, the Commission committed error in concluding that he was also in violation of that section." *Id.* at 104, 308 A.2d at 621. Just as a defendant cannot be convicted of charges *in addition* to those she has notice of, here we cannot uphold appellant's demotion on the basis of charges *instead* of those she had notice of. We must, therefore, reverse appellant's demotion and remand for a hearing, with proper notice given, on the charges of incompetence and negligence.

We reach a different result in regard to appellant's suspension, however. The fact that the Commission did not find that appellant had committed fraud does not make a suspension during the pendency of an investigation erroneous when good cause exists to justify an investigation. *Harp v. Pennsylvania Liquor Control Board,* 28 Pa. Commonwealth Ct. 318, 368 A. 2d 846 (1977). The irregularities in appellant's work justified an investigation and suspension.

Accordingly, we will enter the following

ORDER

Now, October 4, 1977, the order of the State Civil Service Commission, Appeal No. 1856, dated Septem-

ber 17, 1976, insofar as it dismisses the appeal of appellant's suspension, is affirmed. Insofar as the order dismisses the appeal of appellant's demotion it is reversed and the case is remanded for a hearing on the issues of incompetence and negligence. Prior to this hearing, the State Civil Service Commission shall direct the appointing authority to supply appellant with adequate notice of the reasons for her demotion. Pending the adjudication of such hearing by the State Civil Service Commission, appellant's suspension of February 18, 1976, shall be reinstated, unless appellant chooses to continue in employment as an Income Maintenance Worker II, regular status, without prejudice to her appeal before the Commission, during such time.