Michael A. Morrone, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Argued December 13, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Francis Kelley,* with him *Dante Mattioni, Mattioni, Mattioni & Mattioni, Ltd.,* for petitioner.

*Carl Vaccaro,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 7, 1983:

The State Civil Service Commission (Commission) affirmed the Pennsylvania Board of Probation and Parole's (Board) three-day suspension of Michael Morrone. He appealed; we affirm.

A Board investigation confirmed that the records of Morrone, a parole officer, contained false contact

entries. On January 10, 1980, Morrone was notified in writing of a three-day suspension for falsifying agency records. After two hearings on his appeal, the Commission found contradictions in Morrone's clients' visitation records and concluded that Morrone "did not, in fact, make all of the client contacts indicated in the progress and conduct reports." While admitting to the inconsistent entries, he claimed that they were inadvertent.

We must affirm an adjudication of the State Civil Service Commission unless constitutional rights have been violated, an error of law has been committed, or the findings of the Commission are not supported by substantial evidence. *Silvia v. Pennhurst Center*, 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981).

Morrone in his first of two due process arguments asserts that the written suspension failed to give "clear and actual notice" of the charges. We disagree. The notification stated, in pertinent part, that:

> Under Section 803 of the Civil Service Act,[1] you [Morrone] are being suspended for three (3) business days effective close of business January 10, 1980, for the falsification of agency records. Specifically, in June, 1979, it came to this agency's attention that a client had not seen a parole agent at his residence since his assignment to you on December 7, 1978. . . . Upon further investigation, it was also found that three other clients had been misrepresented through your reports. . . .

It then specifically itemized the four parolees and the related discrepancies in the records.

In *Benjamin v. State Civil Service Commission*, 17 Pa. Commonwealth Ct. 427, 332 A.2d 585 (1975), this Court held that:

---

1 Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.803.

While the suspension or removal notice must be framed in a manner which enables the employee to discern the nature of the charges and to adequately prepare his defense . . . it need not be drafted with the certainty of a bill of indictment. . . . *Due process of law is afforded when the employee is informed with reasonable certainty of the substance of the charges against him.* (Citations omitted; emphasis added.)

*Id.* at 430, 332 A.2d at 587.

It is readily apparent from this notification that Morrone was informed with reasonable certainty of the charge of falsification of agency records.

Morrone next contends that he was not afforded a presuspension hearing by the Board. This is clearly without merit. *See Gorby v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 312, 426 A.2d 223 (1981) (citing *Williams v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 437, 306 A.2d 419 (1973)). *See also, Belville v. State Civil Service Commission,* 15 Pa. Commonwealth Ct. 341, 327 A.2d 196 (1974).

Lastly, Morrone argues that the Commission's findings are not supported by substantial evidence. ''Substantial evidence needed to support a finding of the State Civil Service Commission is the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the Commission, might accept as adequate to support the conclusion reached.'' *Silvia* at 78, 437 A.2d at 536. There is substantial evidence in the record to support the Commission's findings.

Affirmed.

### ORDER

The order of the State Civil Service Commission, No. 3027 dated March 24, 1981, is hereby affirmed.