Marshall Sterling, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 1, 1984, to Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Arnold J. Wolf,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, April 11, 1984:

Marshall Sterling (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

The claimant was employed by Brooks Drugs (employer) for 5-1/2 years as a pharmacy manager at $405.00 a week. His last day of work was January 21, 1982.

On February 18, 1982, a Notice of Determination was sent to the claimant from the Office of Employment Security denying him unemployment compensation. The Notice of Determination stated that the claimant "was separated from [his] employment for reasons which are considered willful misconduct in connection with the claimant's work because he gave unauthorized prescription discounts which were against company policy." The claimant appealed this determination and the matter was referred to a referee. The referee affirmed the determination of the Office of Employment Security and found that "the claimant was discharged for violation of company rule [sic] concerning giving discounts without prop-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

erly completed records, consuming candy and sodas without reimbursement to the company and taking money out of the register and replacing the same amount with 'cents off' coupons; all of which were in violation of company rules." The claimant appealed the referee's decision. On June 1, 1982 the Unemployment Compensation Board of Review issued an order and decision affirming the determination made by the referee and adopting the referee's findings of fact.

The burden of proving willful misconduct lies with the employer. *Connelly v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 635, 450 A.2d 245 (1982). Pursuant to Section 704 of the Administrative Agency Law,[2] we shall affirm the Board's adjudication unless a party's constitutional rights were violated, or there was an error of law or the findings of fact are not supported by substantial evidence.

The claimant argues that his rights of due process were violated where facts were raised for the first time at the hearing, without any prior notice, and said facts were used by the referee as part of her decision that he had engaged in willful misconduct.

We agree that the referee on appeal may only consider those charges delineated in the hearing notice. The Notice of Determination was insufficient to provide proper notice of certain charges against the claimant. The additional charges raised at the referee's hearing which were not included in the Notice of Determination were: that he gave discounts without properly completed records; he consumed candy and sodas without reimbursement to the employer; and he took money out of the register and replaced the same amount with "cents off" coupons.

---

[2] 2 Pa. C. S. §704.

It has long been accepted that "the constitutional guarantee of due process of law is equally applicable to administrative proceedings as it is to judicial proceedings." *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 343, 322 A.2d 133, 135 (1974). Included in this concept of due process is the requirement that such notice "must at the very least contain a sufficient listing and explanation of any charges so that the individual can know against what charges he must defend himself if he can." *Jacobs v. Department of Public Welfare*, 32 Pa. Commonwealth Ct. 101, 103, 377 A.2d 1289, 1290-91 (1977). "Thus notice is integrally linked to the right to be heard, for without notice, litigants are ill-equipped to assert their rights and defend against claims." *Mellon v. Travelers Insurance Co.*, 267 Pa. Superior Ct. 191, 197, 406 A.2d 759, 762 (1979).

In *McClelland* much of the evidence presented by the Department of Public Welfare during the course of the hearings concerned charges not originally mentioned in either of the two charges contained in the dismissal letter made against the claimant. At no time prior to the hearings did the Department of Public Welfare attempt to amend its charges or to provide notice in any other manner to the claimant of the additional charges which it made at the hearing. The court held that the additional charges raised at the hearing were not properly before the Commission and therefore could not be considered.

Along with the constitutional requirement of notice the special rules of practice and procedure that govern proceedings under the Unemployment Compensation Law[3] limit the referee to a consideration of

[3] 34 Pa. Code §101.87 entitled "Issues considered on original appeal," provides that:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon

those issues expressly ruled upon by the Office of Employment Security. Therefore, "the Board may only consider the nature of the alleged willful misconduct as delineated in the Bureau's determination notice." *Hanover Concrete Co. v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 463, 465, 402 A.2d 720, 721 (1979).

In *Hanover, Id.* at 465, 402 A.2d at 721, the employer presented evidence of additional grounds for the claimant's discharge at the referee and Board hearings. This Court stated, "[t]o allow a critique of other conduct against which charge the employee is unprepared to defend or explain is fundamentally unfair and absent mutual consent of its consideration, is prohibited" (citations omitted).

The claimant, in the instant case, had no notice[4] that the referee or Board would rely on additional charges not within the Notice of Determination.

We find that there was clearly prejudice to the claimant and, accordingly, we remand to the Board for additional findings consistent with this opinion.

### ORDER

AND Now, this 11th day of April, 1984, we remand to the Board for a new disposition based only on the finding that the claimant gave discounts without authorization. Jurisdiction relinquished.

---

all matters and questions pertaining to the claim. In hearing the appeal, the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if speedy administration of justice, without prejudice to any party, will be substantially served thereby.

[4] The record is devoid of any agreement between the parties allowing the use of the additional charges, not within the Notice of Determination.