Horace Bey, Appellant *v.* Board of Education, School District of Philadelphia, Appellee.

Board of Education, School District of Philadelphia, Appellant *v.* Horace Bey, Appellee.

Argued December 13, 1984, before Judges MacPhail, and Barry and Senior Judge Kalish, sitting as a panel of three.

*Hyman Lovitz,* with him, *Sidney L. Gold, Hyman Lovitz & Associates,* for appellant/appellee, Horace Bey.

*Eugene F. Brazil,* General Counsel, for appellee/appellant, Board of Education, School District of Philadelphia.

OPINION BY JUDGE MACPHAIL, February 19, 1985:

The Board of Education, School District of Philadelphia (Board) discharged Horace Bey from his employment. On appeal, the Court of Common Pleas of Philadelphia County reinstated Bey because a necessary finding by the Board was not supported by substantial evidence. The court ordered Bey reinstated with back pay from April 25, 1983. Bey appeals only that back pay decision. The Board cross-appealed and

both appeals were consolidated for argument. We affirm the order of the trial court.

On June 26, 1981, Bey was notified of the Board's intention to dismiss him based on a charge of theft of school property. A hearing examiner held that there was insufficient evidence to support the theft charge and recommended that Bey be reinstated without back pay. However, on February 24, 1982, the Board terminated Bey. Bey appealed his discharge to the Court of Common Pleas of Philadelphia, and on August 24, 1982, the court, holding that there was no substantial evidence to support a finding of theft, granted Bey's appeal and remanded the matter to the Board for reconsideration of the penalty imposed. On April 25, 1983, the Board adopted a resolution which affirmed Bey's dismissal.[1] Bey again appealed to the trial court, which reversed the Board and reinstated Bey with back pay from April 25, 1983, the date the Board affirmed its original adjudication.

Both parties assert error in the trial court's disposition of the appeal. Our scope of review, like that of the trial court, is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether a necessary finding of fact is unsupported by substantial evidence. Section 754 (b) of the Local Agency Law, 2 Pa. C. S. §754(b).

The Board contends that substantial evidence existed to support the finding of theft. Substantial

---

[1] The trial court's remand order to the Board only required "reconsideration" of the penalty imposed. The court did not mandate a lessening of the penalty imposed. *See The Carver House, Inc. v. Liquor Control Board,* 3 Pa. Commonwealth Ct. 453, 281 A.2d 473 (1971), *affirmed,* 454 Pa. 38, 310 A.2d 81 (1973). We therefore find little merit in Bey's assertion that the Board abused its discretion by reimposing its original penalty. *See also Clark v. Pittsburgh Civil Service Commission,* 68 Pa. Commonwealth Ct. 273, 449 A.2d 81 (1982) (no abuse of discretion when Commission refused to modify penalty imposed by Trial Board).

evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Morrone v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 433, 456 A.2d 1143 (1983). The record shows that Bey had in his possession a school bag. Although he told the investigating officer that he had found it during the summer, the evidence reveals that the bag was not purchased by the school until late fall. After being charged with theft of school property, Bey stated that he found the bag in the trash in December. No other relevant evidence was received pertaining to this theft. While the record supports the conclusion that Bey lied to the internal security officer investigating the incident, we cannot say that substantial evidence existed upon which the Board could conclude that Bey committed the theft.

The trial court may enter any order authorized by 42 Pa. C. S. §706 (relating to disposition of appeals). 2 Pa. C. S. §754(b). *Compare McKeesport Area School District Board of Directors v. Collins,* 55 Pa. Commonwealth Ct. 548, 423 A.2d 1112 (1980) (new hearing vests broad discretion with respect to penalty imposed in court). In modifying the penalty imposed, the trial court emphasized that it did not disturb the Board's finding that Bey had lied during the investigation. Analogizing its authority to award back pay to that of the Civil Service Commission (Commission),[2] the court held that the evidence did support a denial of a portion of Bey's back pay. We must affirm this decision, even if we would be inclined to reach a different result, as long as a reasonable mind might reach the same decision on the basis of the evidence

---

[2] The Commission's authority to award back pay is found in Section 951(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(a).

before the court. *See Losieniecki v. Pennsylvania Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 194, 395 A.2d 304 (1978); 2 Pa. C. S. §754(b).

Bey contends that he is entitled to back pay from the date of his suspension, June 26, 1981, asserting that there is no rational basis for the denial of back pay until April 25, 1983. He also argues that an award of back pay which is not retroactive to the date of suspension creates an incentive for the Board to delay its final determination. Both arguements are without merit. A review of back pay decisions[3] reveals that the Commission may reinstate a person without back pay where it believes the facts warrant such action, even though it concludes that those same facts do not justify a suspension or removal. *Harp v. Pennsylvania Liquor Control Board,* 28 Pa. Commonwealth Ct. 318, 368 A.2d 846 (1977). A denial of back pay must be based upon criteria which are job related and which touch in some way upon a person's competency and ability. *Elias v. Department of Public Welfare,* 57 Pa. Commonwealth Ct. 503, 426 A.2d 762 (1981). If the denial of back pay amounts to an attempt to impose culpability where it has been previously determined there was none, we must reverse. *Elias v. Department*

---

[3] Our research has failed to reveal any cases in which the trial court rather than the Civil Service Commission has denied back pay. Our review of a determination of the Civil Service Commission is limited by the Administrative Agency Law, 2 Pa. C. S. §704. Since review by this Court of Commonwealth agency determinations, such as the Civil Service Commission and local agency determinations, such as the Board of Education (when a complete record of the proceedings before the local agency is available) is limited to a determination of whether constitutional rights were violated, error of law was committed or findings of fact are unsupported by the evidence, we hold that standards applicable in reviewing Civil Service Commission determinations are equally applicable to the trial court in the instant case. *Compare* 2 Pa. C. S. §704 *with* 2 Pa. C. S. §754(b).

*of Public Welfare,* 70 Pa. Commonwealth Ct. 255, 452 A.2d 1127 (1982).

The trial court relied on the fact that Bey lied to the investigating officer in denying all the back pay to which Bey otherwise may have been entitled. We cannot say that a reasonable man would not reach this same decision. *Losieniecki.* We also agree with the trial court that the record fails to support any allegation of a deliberate or unreasonable delay in the Board's final adjudication. *See Sto-Rox School District v. Horgan,* 68 Pa. Commonwealth Ct. 416, 449 A.2d 796 (1982) (threat of award of back pay no incentive for school board to expedite suspensions).

Accordingly, we affirm the decision of the trial court.

ORDER

The decision and order of the Court of Common Pleas, Philadelphia County, dated December 13, 1983, No. 7922, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.