535 A.2d 1233

Michelle Long, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v.* Michelle Long, Respondent.

Argued December 15, 1987, before Judges CRAIG, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Patrick M. McHugh,* for petitioner.

*Felix Thau,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 19, 1988:

This case arises from the Pennsylvania Liquor Control Board's (LCB) discharge of Michelle Long from her position as an intermittent Liquor Store Clerk for misappropriation of Commonwealth funds. The State Civil Service Commission found that the LCB did not sustain its burden of proof on the charge of misappropriation, and ordered that Long be reinstated. The commission declined to award Long backpay, finding that her actions were job-related and negligent.

Long now appeals the commission's decision denying her backpay. The LCB has filed a cross-appeal, challenging both the commission's holding that the LCB was required to prove an intent element in order to discharge Long for misappropriation of funds, and the admission of character evidence at the commission hearing. After reviewing the arguments of both parties, we affirm the commission's decision.

The commission's decision was based upon the following findings of fact:

    1. By letter dated December 3, 1985, appellant's verbal notice of suspension pending in-

vestigation, from her position as Intermittent Liquor Store Clerk, regular status, was affirmed, effective 7:30 p.m., November 29, 1985. Comm. Ex. B-1.

2. By letter dated December 20, 1985, appellant was removed from her position as Intermittent Liquor Store Clerk, regular status, effective December 27, 1985, on the charge of misappropriation of Commonwealth funds. Comm. Ex. A.

3. Appellant's appeal was properly raised before this Commission and was heard under Section 951(a) of the Civil Service Act, as amended.

4. On November 29, 1985, while working at a cash register in appointing authority Store No. 5102, appellant was observed by her supervisor (Simpson) entering on her register, and charging a customer, $17.33 for the purchase of three items, which were correctly priced $36.76. N.T. pp. 23-26, 28; AA Ex. 1.

5. Simpson, suspecting that appellant was attempting to misappropriate the difference in the two amounts, intervened in the sale, directing appellant to void the register entry and verbally suspending her. N.T. pp. 28-29, 47-48.

The commission found that there was no substantial doubt that the events of November 29, occurred as the LCB alleged and Long admitted. However, the commission held that the LCB failed to prove its specific charge, that Long intentionally undercharged a customer by a total of $19.43, thereby misappropriating Commonwealth funds. Long denied having any intention to misappropriate funds, contending that she undercharged the customer by mistake. Relying on the definition of "misappropriation" as a "wrongful appropriation",

Webster's New Collegiate Dictionary (7th Ed. 1972), the commission found that the record "failed to reveal credible evidence sufficient to show that appellant [Long] intended to wrongfully appropriate any funds." The commission therefore ordered Long reinstated to her former position.

Section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §41.807, provides that "[n]o regular employe in the classified services shall be removed except for just cause." The appointing authority bears the burden of proof to show a just cause for removal of an employee. *Caldwell v. Clearfield County Children and Youth Services,* 83 Pa. Commonwealth Ct. 49, 476 A.2d 996 (1984). In addition to proving just cause, the appointing authority also has the burden to prove the substance of the charges underlying the removal. *Jacobs v. Delaware County Board of Assistance, Department of Public Welfare,* 32 Pa. Commonwealth Ct. 101, 377 A.2d 1289 (1977).

The LCB argues that the commission erred in holding that it failed to meet this burden, attacking the commission's view that the record did not establish Long's intent to misappropriate funds. The LCB contends that it need not prove intent in order to establish just cause for dismissal. That position may be correct in some cases. In *Pennsylvania Liquor Control Board v. Smith,* 86 Pa. Commonwealth Ct. 128, 131 n. 2, 484 A.2d 201, 203 n. 2 (1984), we noted:

> The appointing authority in a Civil Service case has no burden to prove that the employee who has been disciplined for failure to follow an important work rule has done so intentionally or with prurient motive *unless it has charged the employee with having such intention or motive.* Warren State Hospital v. Yaegle, 80 Pa. Com-

monwealth Ct. 486, 471 A.2d 1302 (1984) (emphasis added).

However, we agree with the commission that the LCB's specification against Long, misappropriation of funds, necessarily implies a charge of wrongful intent. By charging Long with misappropriation, rather than negligence, the LCB imposed a heavier burden of proof upon itself. The evidence on the record does not establish wrongful intent on the part of Long. The commission, therefore, acted correctly in finding that the LCB did not establish the substance of the charge against Long.

The LCB also argues that the commission erred by allowing Long to present witnesses who testified to her good character, that is, her reputation for honesty. The LCB cites general rules that evidence of one's good reputation is inadmissible in a civil action unless directly in issue or involved in the nature of the proceeding, and that evidence of good reputation is not admissible unless character is first attacked by evidence to the contrary. *Greenberg v. Aetna Insurance Co.*, 427 Pa. 494, 235 A.2d 582 (1967).

Although the *Greenberg* case involved character evidence relating to the merits, the LCB's brief contends that the good reputation testimony of Long's witnesses was harmful because it tainted a credibility determination by the commission in favor of Long; thus the LCB, referring to reputation for "truth and veracity," fails to make clear whether the issue is one involving Long's honesty as a witness or her honesty as a substantive matter. Even aside from the point that administrative agencies are not bound by technical rules of evidence, 2 Pa. C. S. §505, the good character evidence was harmless because the commission's decision clearly did not turn upon credibility assessment or upon any analysis of Long's actions derived from her character, but, as noted above, upon a conclusion that the LCB failed to meet its

burden of producing evidence regarding Long's intent with respect to the charge as framed by the LCB itself.

Long also raises an issue on appeal, claiming that the commission erred by denying her backpay. Although Long admits that her actions were negligent, she argues that a single act of negligence is insufficient to sustain a denial of backpay.

Section 951(a) of the Act, 71 P.S. §741.951(a), leaves awards of backpay to the commission's discretion. A denial of backpay must be based upon criteria which are job-related and which touch in some way upon a state employee's competency and ability. *Craven v. Department of Transportation,* 90 Pa. Commonwealth Ct. 219, 494 A.2d 1169 (1985). The commission may reinstate a person without backpay where it believes the facts warrant such action, even though it concludes that those same facts do not justify a suspension or removal. *Bey v. Board of Education, School District of Philadelphia,* 87 Pa. Commonwealth Ct. 571, 488 A.2d 89 (1985).

In this case, we find no abuse of discretion in the commission's decision. Long's admitted negligence was clearly job-related and reflected upon Long's competence and ability to perform her duties. The situation is almost identical to that in *Harp v. Pennsylvania Liquor Control Board,* 28 Pa. Commonwealth Ct. 318, 368 A.2d 846 (1977), in which we affirmed the commission's decision to reinstate a store manager, where the evidence did not support the charge of pilfering stock, but to deny the manager backpay, because the manager's negligence could be reasonably inferred from the evidence.

Accordingly, we affirm the commission's decision.

ORDER IN 1909 C.D. 1986

NOW, January 19, 1988, the order of the State Civil Service Commission, dated May 22, 1986, is affirmed.

ORDER IN 2012 C.D. 1986

NOW, January 19, 1988, the order of the State Civil Service Commission, dated May 22, 1986, is affirmed.