583 A.2d 61

**Michael NUARA, Petitioner,**

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1990.

Decided Nov. 30, 1990.

Petition for Allowance of Appeal Denied May 1, 1991.

Thomas S. Talarico, Vendetti, Talarico & Lagner, Erie, for petitioner.

Faith S. Diehl, Asst. Counsel, with her, Francis X. O'Brien, Jr., Chief Counsel, Harrisburg, for respondent.

Before PELLEGRINI and BYER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael J. Nuara (Petitioner) was removed from his position as a Liquor Distribution Manager I by the Pennsylvania Liquor Control Board (PLCB). He appealed his dismissal to the State Civil Service Commission (Commission) which upheld the PLCB's action in an order dated January 25, 1990. Petitioner has petitioned for our review of that order.

In lieu of hearing before the Commission, the parties entered into a stipulation of facts, which may be summarized as follows. Petitioner was responsible for the receipt, storage, inventory control, damage disposition and distribution activities at the PLCB's Northwestern Distribution Center in Erie, Pennsylvania. As a PLCB employee, his conduct was governed by the Official PLCB Code of Conduct (OPCC) and the provisions of the Liquor Code (Code).[1]

On June 8, 1988, Mr. Stanley Buhlman, a truck driver/agent for the Canandaigua Wine Company, delivered 352 cases of wine to the Northwestern Distribution Center. Two of these cases were damaged. Petitioner refused to receive them and they were returned to Mr. Buhlman.

Mr. Buhlman offered these two cases to Petitioner, as Canandaigua company policy allows drivers to use their discretion in disposing of damaged merchandise. Petitioner initially refused the merchandise, explaining that acceptance was against PLCB policy. When Mr. Buhlman advised Petitioner that he intended to discard the damaged goods, Petitioner accepted and gave Mr. Buhlman the keys to his car trunk, where Buhlman placed the merchandise. The total value of the two cases was $61.20.

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101—9–902.

Petitioner was notified in November 1989 that the PLCB had commenced disciplinary action against him for his receipt of this merchandise in violation of Section 210 of the Code, 47 P.S. § 2–210. On January 5, 1990, Petitioner received a letter from the PLCB advising him that he was being removed from his position as Liquor Distribution Manager I. The Commission upheld the PLCB's action.

The issues Petitioner raises on appeal to this Court may be consolidated into two general categories: 1) whether the Commission erred in applying subsection (b) of Section 210 of the Code to the facts of this case; and 2) whether the Commission erred in finding that his dismissal was required under Section 210(m)(1). Our scope of review of a Commission order is limited to a determination of whether Petitioner's constitutional rights have been violated, whether the necessary findings of fact are supported by substantial evidence or whether the Commission committed an error of law. *Adamovich v. Department of Public Welfare*, 95 Pa Commonwealth Ct. 22, 504 A.2d 952 (1986).

Petitioner's argument with respect to the application of Section 210(b) is three-fold: first, he contends that Section 210 is a criminal statute, which should not have been applied in the context of a determination of whether the PLCB had just cause to remove him from his position; second, he asserts that the Commission erred in finding that he violated Section 210(b) because the PLCB did not prove such a violation beyond a reasonable doubt; and finally, he argues that the Commission erred in failing to find that his acceptance of the merchandise fell within an exception to the language of Section 210(b).

Section 210(b) of the Code, which Petitioner was charged with violating, provides:

*No* member or *employe of the board* or enforcement bureau, or a member of the immediate family of a member or employe of the board or enforcement bureau nor any employe of the Commonwealth *shall* solicit or *receive, directly or indirectly, any* commission, remuneration or *gift whatsoever, from any person having sold,*

*selling or offering liquor or alcohol for sale to the board* for use in Pennsylvania Liquor Stores. (Emphasis added.)

He was discharged pursuant to subsection (m)(1) of Section 210, which reads as follows:

Any person who violates the provisions of this section *shall have his employment* by the board or enforcement bureau *immediately terminated* by the appropriate person having the power to terminate and shall be liable to the board or enforcement bureau to reimburse the board or enforcement bureau for all compensation received by him from the board or enforcement bureau while employed in violation of subsection (c). (Emphasis added.)

There are two aspects to Petitioner's first argument that Section 210 should not apply in a just cause case. Petitioner contends that Section 210 is a criminal statute, and that a violation of subsection (b), even if proved, is not determinative of the just cause issue because the violation does not relate to Petitioner's ability to perform his job.

In arguing that Section 210 is a criminal statute, Petitioner focuses upon subsection (m)(2), which provides:

Any person who violates the provisions of subsections (b), (d) or (e) shall be guilty of a felony and, upon conviction thereof, shall be sentenced to pay a fine of not more than ten thousand dollars ($10,000) or to undergo imprisonment for not more than five (5) years, or both.

There is no doubt that subsection (m)(2) establishes that a violation of subsection (b) may, upon conviction, result in the imposition of the criminal sanctions of fine or imprisonment. These criminal sanctions, however, are simply not at issue in the case before us. The sanction imposed upon Petitioner and of which he complains in this appeal is the civil sanction of termination from his employment imposed under subsection (m)(1). The mere possibility of the imposition of criminal penalties will not convert an ordinary civil action challenging a discharge from employment into a criminal proceeding with its attendant procedures and safe-

guards. Accordingly, we must reject Petitioner's first argument that Section 210 does not apply.

■ Petitioner's second point on this issue is similarly without merit. He argues that, because this is a civil service appeal arising under Section 807 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.807, the appropriate inquiry is whether his employer had just cause to dismiss him. He asserts that such a determination must be based upon job-related criteria, such as his dedicated service for sixteen years and his unquestioned ability to perform his job. In support of his position, he cites *Rosselli v. Reading Housing Authority,* 116 Pa. Commonwealth Ct. 177, 541 A.2d 417 (1988), a case in which we upheld the dismissal of a housing inspector who was discharged for conflict-of-interest real estate dealings. In *Rosselli,* as in the other cases cited by Petitioner, just cause for termination was examined in light of general principles developed through a body of case law interpreting Section 807 of the Civil Service Act.

Here we need not resort to these general principles because of the existence of the legislative pronouncement in Section 210. In quite clear language, the legislature set forth certain restrictions upon PLCB employees in that section and provided for, *inter alia,* the sanction of immediate termination from employment for violation of its provisions. When faced with conflicting statutory pronouncements, we are guided by the provisions of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991. 1 Pa. C.S. § 1933 directs that special provisions shall prevail over general provisions. In addition, we note that Section 210 of the Code bears an effective date of July 1, 1988, while Section 807 of the Civil Service Act was last amended in 1963. According to 1 Pa.C.S. § 1935, the later-enacted Section 210 of the Code must prevail to the extent it conflicts with Section 807 of the Civil Service Act. For these reasons, we reject Petitioner's argument that the Commission erred in applying Section 210 to the facts of this case.

■ Petitioner's next argument is that the Commission erred in finding that he violated Section 210 because the PLCB did not meet its burden of proof. Petitioner has two bases for this argument. The first depends upon Petitioner's success on the first argument discussed above: that Section 210 is a criminal statute. Since we have rejected that argument, we must necessarily reject Petitioner's assertion that the PLCB was required to prove its case beyond a reasonable doubt.

■ The second basis is Petitioner's contention that the PLCB was required to prove that he had a "wrongful intent" in violating Section 210(b). He analogizes his situation to that of the PLCB employee discharged in *Long v. Pennsylvania Liquor Control Board*, 112 Pa.Commonwealth Ct. 572, 535 A.2d 1233 (1988), for misappropriating Commonwealth funds in undercharging a customer. *Long* is distinguishable. First of all, it is a case arising under the general just cause provision of Section 807 of the Civil Service Act, not Section 210(b) of the Code. In addition, the employee in *Long* was charged with the misappropriation of funds, a charge we held necessarily involved a charge of wrongful intent since it was the employee's *motive* in undercharging a customer which was at issue, rather than the undisputed act of undercharging. Here Section 210 makes the act itself, receipt of a gift, grounds for termination.

■ Petitioner's final argument on the first issue is that the Commission erred in failing to find that his acceptance of the two damaged cases of wine fell within an exception to Section 210(b) contained within the OPCC, promulgated in response to the legislation. Tracking the language of Section 210(b), the OPCC prohibits PLCB employees from receiving gifts from persons doing business with the PLCB. OPCC Part I, B, 1, I and IV. It further provides:

> The only exceptions are as set forth below and are further limited to circumstances and activities which do not involve violations of the law:

a. Solicitation or acceptance of something of monetary value from a friend ... when the circumstances make it clear that the motivation for the action is a personal or family relationship....

*Id.* Petitioner argues that Mr. Buhlman was a "friend" and that the gift at issue was motivated by friendship. The Commission found that this was purely a business relationship and we must agree with this finding. As the Commission notes in its opinion, there is substantial evidence for its finding in Petitioner's own affidavit, Stipulation Exhibit L, ¶ 9, wherein he states:

Stanley W. Buhlman told the [Petitioner] that because he was treated so well by [Petitioner] and that [Petitioner] had quickly handled past deliveries, he wanted to offer the less than two cases of wine to [Petitioner] as a token of his appreciation for the manner in which [Petitioner] worked the dock.

Petitioner's last argument is that the Commission erred in finding that his discharge was required under subsection (m)(1). We have already dismissed the first ground for this argument: that Petitioner did not violate Section 210(b) because he was not convicted by a jury in a criminal proceeding.

As a second basis for this argument, Petitioner contends that the PLCB had only intended to suspend him until its overzealous lawyers got involved and "discovered" Section 210. As noted above, subsection (m)(1) provides that "[a]ny person who violates the provisions of this section *shall* have his employment ... *immediately terminated....*" The use of the word "shall" in a statute is generally considered to be imperative. *See, e.g., Wilkes–Barre Area Vocational School v. Greater Nanticoke Area School District,* 115 Pa.Commonwealth Ct. 73, 539 A.2d 902 (1988). While we recognize that the sanction in this case is harsh, it is quite apparent from the statutory language that the legislature intended to divest the PLCB of discretion in meting out discipline for the offenses enumerated in Section 210. Any arguments regarding the severity of the punish-

ment are properly addressed to the legislature, not this Court. The Commission did not err in concluding that dismissal was required once it found Petitioner to be in violation of Section 210(b).

For these reasons we must affirm the order of the Commission upholding the PLCB's termination of Petitioner's employment.

## ORDER

AND NOW, this 30th day of November, 1990, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.