# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bauer,                              :
                                           : No. 2652 C.D. 2015
                    Petitioner             : Submitted: July 15, 2016
                                           :
          v.                               :
                                           :
Pennsylvania State Civil Service           :
Commission (Pennsylvania                   :
Department of Transportation),             :
                                           :
                    Respondent             :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED: September 23, 2016


          Joseph Bauer petitions for review of the November 30, 2015, adjudication of the State Civil Service Commission (Commission) dismissing Bauer's appeal challenging his removal from employment with the Pennsylvania Department of Transportation (DOT) and sustaining DOT's removal of Bauer effective October 27, 2014. We affirm.


          Bauer worked for DOT from 1999 to October 2014, where he most recently served as the Roadway Programs Coordinator. (Adjudication, Findings of Fact, Nos. 4-5.) On March 25, 2014, Bauer received a copy of DOT's Sexual

Harassment Policy and Harassment/Hostile Work Environment Policy.[1] (*Id.*, No. 6.) Bauer was responsible for enforcing the policies and ensuring a harassment-free workplace. (*Id.*, No. 8.)

Bauer was the second-level supervisor for Clerk Typist 2 (SL) for DOT. (*Id.*, No. 9.) Bauer directly issued assignments to SL. (*Id.*, No. 10.) Starting in April 2014, when SL wore hoop earrings to work, Bauer would place his finger through the opening and make various comments, including: "I am touching your hole" and "I got my finger in your hole." (*Id.*, No. 11.) Bauer also touched SL's ear and/or neck during this time. (*Id.*, No. 12.) Bauer also pushed SL causing her to fall into the wall of her cubicle and used SL's keyboard wrist pad to strike her on her upper thigh. (*Id.*, Nos. 13, 15.)

On September 23, 2014, Bauer and SL attended a work-related CPR training session. (*Id.*, No. 18.) SL had to sit next to Bauer, and before class started, Bauer whispered to SL that she would have to remove her clothes during the class. (*Id.*, Nos. 19-20.) SL asked Bauer to stop talking multiple times, but he repeatedly whispered to her about taking her clothes off. (*Id.*, No. 21.) During the afternoon session, Bauer loudly stated that he "'couldn't wait to unhook [SL's] bra'" and "'[n]ow I know how to see [SL] with her bra off – perform CPR.'" (*Id.*, No. 22 (citation omitted).) SL was embarrassed and uncomfortable because other employees heard Bauer's comments and looked at her. (*Id.*, No. 23.)

---

[1] DOT's Sexual Harassment Policy and Harassment/Hostile Work Environment Policy identify what constitutes harassment and provide for discipline, up to and including dismissal. (Exs. AA-4, AA-5.)

After the CPR class, SL spoke to DOT technician Joe Petrakovic about the incident with Bauer. (*Id.*, No. 24.) On September 24, 2014, SL reported the incident to her supervisor, Jennifer Gonzales, who advised her to speak with Joseph Rhodomoyer, the Labor Relations Coordinator. (*Id.*, Nos. 25-26.)

On September 25, 2014, SL emailed Rhodomoyer and reported Bauer's behavior in the office and at the CPR training. (*Id.*, No. 27.) Thereafter, Rhodomoyer spoke with SL, Petrakovic and Susan Sigley, a DOT accounting assistant, about Bauer's office behavior and his actions at the CPR training. (*Id.*, Nos. 28-29.)

Rodney Vanscavish, DOT's Northampton County Maintenance Manager, notified Bauer of a pre-disciplinary conference, which was held on September 25, 2014. (*Id.*, Nos. 30-31.) By letter dated September 30, 2014, DOT suspended Bauer, effective September 25, 2014, without pay pending an investigation into the matter. (*Id.*, Nos. 1, 33.)

DOT's investigation further revealed that Bauer made other comments, including "asking 'how much money would it take to have sex with me,' or how much money would it take to engage in a sexual act with an animal." (*Id.*, No. 32 (citation omitted).) On October 27, 2014, DOT notified Bauer of his immediate removal from his position for inappropriate behavior and violations of DOT's Sexual Harassment Policy. (*Id.*, Nos. 2, 33.) DOT stated that Bauer "'made inappropriate comments, gestures, suggestions, and inappropriate acts towards a female subordinate.'" (*Id.* (citation omitted).)

3

Bauer appealed his removal to the Commission, which held a hearing on March 3, 2015. On November 30, 2015, the Commission issued an adjudication and order dismissing Bauer's appeal and sustaining DOT's removal of Bauer effective October 27, 2014. The Commission concluded that DOT presented sufficient evidence to prove that Bauer's inappropriate behavior violated the Sexual Harassment Policy and constituted just cause for his removal under section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.807.[2] (Adjudication at 14-15.) Bauer now petitions this court for review of the Commission's adjudication.[3]

Initially, Bauer contends that DOT did not have just cause to remove him pursuant to section 807 of the Act, 71 P.S. §741.807. The Pennsylvania Supreme Court has held that an employee's removal must be merit-related, *i.e.*, "related to the employee's competency and ability to perform his job, or arise from conduct rendering him unfit for the position he occupies." *Woods v. State Civil Service Commission (New Castle Youth Development Center)*, 912 A.2d 803, 809 (Pa. 2006).

---

[2] Section 807 of the Act states that "[n]o regular employe in the classified service shall be removed except for just cause." 71 P.S. §741.807. The appointing authority bears the burden of proving just cause and the charges underlying the employee's removal. *Long v. Pennsylvania Liquor Control Board*, 535 A.2d 1233, 1235 (Pa. Cmwlth. 1988).

[3] Our review of the Commission's decision is limited to determining whether the factual findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Pennsylvania Board of Probation and Parole v. State Civil Service Commission (Manson)*, 4 A.3d 1106, 1112 n.11 (Pa. Cmwlth. 2010). Whether a civil service employee's actions constitute just cause for removal is a question of law reviewable by this court. *Id.* at 1112.

4

Here, DOT's decision to discharge Bauer was based on conduct rendering him unfit for the position he occupies. Bauer was a manager and responsible for enforcing DOT's Sexual Harassment Policy and Harassment/Hostile Work Environment Policy. Bauer received and had knowledge of DOT's policies. SL was subordinate to Bauer, and Bauer acted inappropriately towards SL on many occasions.[4] Bauer admitted to his behavior towards SL but argued that it was appropriate and explainable. The Commission, however, found DOT's witnesses and evidence credible and Bauer not credible, except when corroborating DOT's evidence and witness testimony. (Adjudication at 14.) The Commission is the fact-finder and sole arbiter of credibility. *Hetman v. State Civil Service Commission (Berks County Children and Youth)*, 714 A.2d 532, 537 n.9 (Pa. Cmwlth. 1998). The Commission found that Bauer's conduct was neither appropriate nor explainable, violated DOT's policies, and constituted just cause for Bauer's dismissal. We agree.

Next, Bauer argues that he was dismissed for refusing to accept a demotion and sign a waiver of his legal rights. Bauer further argues that DOT's offer of the position was illegal because he was not qualified for the civil service position.

Any settlement discussions or offers of settlement are confidential and cannot be used to prove or disprove the validity of a claim. *Shapiro v. State Board of Accountancy*, 856 A.2d 864, 875 (Pa. Cmwlth. 2004). The record reflects that the offer was part of a post-investigation, pre-termination settlement discussion with Bauer. The Commission considered Bauer's argument and found it irrelevant

---

[4] Bauer also engaged in inappropriate conduct with at least one other subordinate employee.

5

regarding whether there was just cause for Bauer's removal. (*See* N.T., 3/3/15, at 113a, 165a.)  Bauer's reliance on the terms of a proposed settlement agreement is irrelevant to the underlying case of harassment.

Bauer also contends that the Commission erred in failing to make certain findings of fact and in failing to require DOT to present certain witnesses.  Because DOT presented sufficient evidence to support the Commission's findings, we will not disturb those findings.  *Martin v. State Civil Service Commission (Department of Community and Economic Development)*, 741 A.2d 226, 229 (Pa. Cmwlth. 1999). Further, nothing prevented Bauer from calling his own witnesses.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Bauer,               :
                               : No. 2652 C.D. 2015
               Petitioner    :
                               :
           v.              :
                               :
Pennsylvania State Civil Service   :
Commission (Pennsylvania       :
Department of Transportation),    :
                               :
            Respondent   :

O R D E R

AND NOW, this 23rd day of September, 2016, we hereby affirm the November 30, 2015, adjudication of the State Civil Service Commission.

_____
ROCHELLE S. FRIEDMAN, Senior Judge