Olexander Dobryk,          :
                                     :
            Petitioner        :
                                       :
              v.                  : No. 364 C.D. 2016
                                       : Submitted: November 4, 2016
Unemployment Compensation    :
Board of Review,                 :
                                       :
           Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: February 24, 2017**

        Olexander Dobryk (Claimant) petitions for review of the August 31, 2015 order of the Unemployment Compensation Board of Review (Board). In its decision and order, the Board adopted and incorporated findings and conclusions made in the Referee's June 22, 2015 decision, and affirmed the Referee's decision and order, which concluded that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because he had not demonstrated a cause of a necessitous and compelling nature for leaving his employment with ARG Management Inc.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in relevant part, that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

(Employer) on December 8, 2014. Before this Court, Claimant argues, *inter alia*, that his right to due process was abridged by the Referee and that the Board committed an error of law in affirming the Referee's decision and order. We agree and we vacate the order of the Board and remand with instructions to issue a new determination with respect to whether Claimant voluntarily quit because he failed to report to work between November 20, 2014 and December 1, 2014.[2]

Claimant filed for unemployment compensation on January 18, 2015. (Record Item (R. Item) 1, Claim Record.) Employer submitted separation information to the Department of Labor and Industry (Department), stating that Claimant quit and had been a no call/no show. (R. Item 2, Employer Separation Information.) On April 15, 2015, the Department issued a Notice of Determination containing the following findings of fact:

1. The Claimant was last employed on 12/5/2014.

2. There was a conflict between whether the Claimant quit or was discharged.

3. The Claimant voluntarily quit because he failed to report to work between 11/20/14 through 12/1/14.

4. There was a reasonable expectation that the Employer could have provided an alternative to resolve the situation.

5. The Claimant did not inform the Employer of the reason for leaving.

---

[2] In an unemployment compensation appeal, this Court's scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Diehl v. Unemployment Compensation Board of Review (ESAB Group, Inc.)*, 57 A.3d 1209, 1216 (Pa. 2012).

6. The Claimant denies all allegations about being absent or late to work.

(R. Item 4, Notice of Determination, Findings of Fact (F.F.) ¶¶1-6.) Based on these findings, the Notice of Determination informed Claimant that he was being denied benefits under Section 402(b) Law. (*Id*., Determination.) The Notice of Determination stated that, although Claimant had a necessitous and compelling reason for voluntarily leaving his employment, Claimant had failed to sustain his burden to show that he had exhausted all alternatives prior to leaving and was, therefore, ineligible for benefits. (*Id*., Discussion.) The Notice of Determination also informed Claimant of his right to appeal to the Referee. (*Id*., Appeal Instructions.) Claimant appealed. (R. Item 5, Claimant's Petition for Appeal from Determination with Attachments.)

A hearing was held before the Referee on June 8, 2015. (R. Item 9, Referee Hearing Transcript (H.T.).) At the hearing, Claimant appeared *pro se* and testified with the aid of a Russian interpreter, Leonard Polis, from Action Interpreting. (*Id*., H.T. at 1.) Delivery Manager, Gerald Reinert, testified for Employer, and General Manager, Robert Gougler, appeared as an observer for Employer, but did not testify. (*Id*., H.T. at 1-2.) At the hearing, Employer, through the testimony of its witness, presented a new factual scenario as the basis for Claimant's separation from Employment. (*Id*., H.T. at 13-18.) Following the hearing, the Referee issued a decision and order on June 22, 2015 concluding that Claimant was ineligible for unemployment compensation pursuant to Section 402(b) of the Law. (R. Item 10, Referee Decision and Order.) The Referee's

conclusion that Claimant was ineligible for unemployment benefits was based on the following findings of fact:

1. For the purposes of this appeal [Claimant] was last employed as a full-time Parts Puller with ARG Management from October 20, 2012 until December 4, 2014, his last day of work, at a final rate of pay of $10.50 per hour.

2. [Claimant] was injured in November 2014 and cleared to return to work effective December 1, 2014.

3. [Claimant] took a vacation day on December 1, 2014.

4. [Claimant] returned to work thereafter and worked his regular hours plus overtime hours on December 2, 2014 and December 3, 2014.

5. On December 4, 2014, [Claimant] left work at 12:06 p.m., after completing only five hours of his scheduled shift.

6. [Claimant] did not advise [Employer] that he was leaving early, although he asked a co-worker to tell [Employer] that he had to leave early.

7. [Claimant] did not report to work on Friday, December 5, 2014.

8. On Monday, December 8, 2014, [Claimant] reported to the work location in regular clothes, rather than his work uniform.

9. On that date [Claimant] requested his check and stated that he was quitting his job.

10. [Claimant] voluntarily left this employment.

4

11. [Employer] had continuing work available for [Claimant], had [Claimant] not voluntarily left this employment.

(*Id.*, F.F. ¶¶1-11.) Additionally, the Referee did not find Claimant credible and reasoned that "[Employer's] witness testified that [Claimant] essentially walked off the job on Thursday December 4, 2014, did not report for work on Friday, December 5, 2015 [sic] and verbally stated his intention to quit his job on the following Monday, December 8, 2014…There is no competent evidence in the record to prove that [Claimant] voluntarily left this employment due to a cause of a necessitous and compelling nature." (*Id.*, Reasoning.)

Claimant appealed the Referee's decision and order to the Board, requesting that the Board reverse the Referee, or in the alternative, remand for an additional hearing to permit Claimant to submit evidence disputing the new factual scenario put forth by Employer as the basis for Claimant's separation from employment. (*See* R. Item 12, Claimant's Brief (actually filed in the certified record under R. Item 13, Board's Response to Request for Transcript/ File Brief.).) On August 31, 2015, the Board issued a decision and order affirming the Referee and adopting and incorporating the Referee's findings of fact. (R. Item 15, Board Decision and Order.) In its decision, the Board stated:

> It is [Claimant's] burden to prove the precise nature of separation. [Claimant] failed to provide competent evidence that he was discharged. The record does not contain sufficient evidence of necessitous and compelling reason to quit. [Claimant] had the opportunity to present witnesses during the initial proceeding, and failed to do so. [Claimant's] request for a remand is denied.

5

(*Id.*)

Before this Court, Claimant argues that the Board's order should be reversed because he was denied due process by the failure of the Referee and the Board to render a decision upon the issues expressly ruled upon by the Department in the Notice of Determination.[3]

In *Sterling v. Unemployment Compensation Board of Review*, 474 A.2d 389 (Pa. Cmwlth. 1984), we held that a claimant's right to due process is violated when a referee issues a decision based on facts that were not addressed by the Department's Notice of Determination and were instead raised for the first time at a hearing before a referee. *Id.* at 390. We stated in *Sterling* that:

> It has long been accepted that the constitutional guarantee of due process of law is equally applicable to administrative proceedings as it is to judicial proceedings. Included in this concept of due process is the requirement that such notice must at the very least contain a sufficient listing and explanation of any charges so that the individual can know against what charges he must defend himself if he can. Thus notice is integrally linked to the right to be heard, for without notice, litigants are ill-equipped to assert their rights and defend against claims.

---

[3] The Board argues that Claimant waived this issue because Claimant did not explicitly raise lack of due process in his brief to the Board. We reject this argument because lack of proper notice of the basis for denying Claimant unemployment compensation benefits was subsumed within the issues presented to the Board, particularly Claimant's request in his brief for a remand to present evidence contradicting the facts first raised by Employer for the first time before the Referee. (See R. Item 12, Claimant's Brief (actually filed in the certified record under R. Item 13, Board's Response to Request for Transcript/ File Brief.).)

*Id*. (internal citations and quotations omitted). This principle is woven into the rules of practice and procedure in unemployment compensation procedures, which provide that when an appeal is taken from a Notice of Determination, "the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed." 34 Pa. Code § 101.87. This Court has recognized exceptions to the bar against addressing issues beyond the scope of the Notice of Determination where the record reflects the parties were prepared to address the issue, the parties affirmatively consented to the broadened scope, and neither party was prejudiced. *Brooks v. Unemployment Compensation Board of Review*, 547 A.2d 493, 495 (Pa. Cmwlth. 1988); *see also* 34 Pa. Code § 101.87 (providing additionally that "any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby"). Such was not the case here.

Claimant appeared at the hearing with documentary evidence detailing his work injury, medical treatment, and leave of absence during the period of November 20, 2014 through December 1, 2014 identified in the Notice of Determination as the basis for his ineligibility for unemployment benefits. (R. Item 9, H.T. at 6, C1.) However, the Referee based the decision on events that allegedly took place on December 2, 2014 through December 8, 2014. Claimant had no notice that these events could form the basis for denying him unemployment compensation.

In its decision, the Board stated that Claimant had the opportunity to present witnesses during the hearing before the Referee and failed to do so. We

conclude that the Board erred. Claimant was clearly without notice that such witnesses would be necessary and, while not determinative, both Employer and Claimant testified that Claimant's coworker was present with Claimant during the events that allegedly took place December 2, 2014 through December 8, 2014 and that he acted as an interpreter for Claimant at work. (*Id*. at 11-12, 17-18.) Whether or not Claimant would have chosen to call this coworker to offer testimony to dispute Employer's version of events, due process requires that Claimant must be given the opportunity to do so and to otherwise defend against any allegations that would serve as a basis to deny him unemployment compensation benefits. The lack of proper notice of the grounds for denying him unemployment benefits denied Claimant due process of law. *Hanover Concrete Co. v. Unemployment Compensation Board of Review*, 402 A.2d 720, 721 (Pa. Cmwlth. 1984).

Accordingly, the order of the Board is vacated and we remand to the Board for a new disposition based on whether Claimant voluntarily terminated employment without a necessitous and compelling reason because he failed to report to work from November 20, 2014 through December 1, 2014.


_____
**JAMES GARDNER COLINS, Senior Judge**


8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Olexander Dobryk,                          :
                                           :
                    Petitioner             :
                                           :
            v.                             :  No. 364 C.D. 2016
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                                           :
                    Respondent             :

# O R D E R

AND NOW, this 24th day of February, 2017, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby VACATED and this matter is REMANDED to the Unemployment Compensation Board of Review for a new determination with respect to whether Claimant voluntarily terminated his employment without cause of a necessitous and compelling manner because he failed to report to work between November 20, 2014 and December 1, 2014.

Jurisdiction relinquished.


**JAMES GARDNER COLINS, Senior Judge**